RALSTON STEEL CAR CO. v. NATIONAL DUMP CAR CO.

(District Court, D. Maine. April 22, 1915.)

No. 723.

COURTS ⬥347—PLEADING—MOTION TO DISMISS—FEDERAL RULES.

A bill in equity, which complainant entered into a transaction with defendant, as evidenced by a copy of a memorandum made a part of the bill, that it was induced to make the contract by fraud in enumerated particulars, that defendant secretly entered into contracts with competitors of complainant on terms which would operate to complainant's injury and in violation of the contract, that the contract was void for indefiniteness, and that defendant should be enjoined from bringing a multiplicity of suits based on the contract, and from prosecuting a suit already begun in the courts of a sister state, presents issues which cannot be determined on motion, under new equity rule 29, to dismiss the bill, which motion raises questions which would be raised by demurrer, and defendant must answer.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ⬥347.]

In Equity. Suit by the Ralston Steel Car Company against the National Dump Car Company. On motion to dismiss bill. Denied, with leave to answer.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Huggins, Huggins & Hoover, of Columbus, Ohio, and Symonds, Snow, Cook & Hutchinson, of Portland, Me., for complainant.

Loesch, Scofield & Loesch, of Chicago, Ill., and Williamson, Burleigh & McLean, of Augusta, Me., for defendant.

HALE, District Judge. This case is before the court on defendant's motion to dismiss complainant's bill. The motion is presented under new equity rule 29. Under the former equity rules, the questions raised under the motion would have been presented by demurrer.

The bill in equity to which the motion is addressed sets out that complainant corporation is a citizen of Ohio, and defendant corporation is a citizen of Maine; that the jurisdiction of the court depends upon diverse citizenship, and also upon the fact that construction of the laws of the United States is involved, and that the amount in controversy exceeds $10,000.

Complainant alleges:

First. That on April 11, 1912, it entered into a "transaction" with defendant, as evidenced by a certain copy of memorandum marked "Exhibit A," and made a part of the bill; that it was induced to make the contract by fraud in certain enumerated particulars; and that the contract was therefore voidable at its instance.

Second. That defendant has secretly entered into contracts with competitors of complainant, on terms which would operate to its injury, and in violation of the provisions of the contract. Complainant assumes that it has thus alleged a breach of the contract, and that, inasmuch as the contract may be avoided at its instance, defendant may not complain that complainant has broken the contract, as has been claimed in certain suits at law brought by defendant against complainant, based on the validity of the contract; and complainant alleges that it has been released from any liability under such contract.

Third. That the contract is void by reason of indefiniteness and uncertainty in certain essential particulars, and that therefore defendant should be enjoined from bringing a multiplicity of suits based upon the contract, and from prosecuting a suit already begun in a Chicago court.

Fourth. That the contract is illegal and void, because it is in violation of the laws of the United States forbidding combinations in restraint of trade.

Complainant prays:

(1) That the memorandum of agreement of April 11, 1912, may be set aside.

(2) That the defendant may be enjoined from prosecuting further the suit brought by it in a Chicago court, and from bringing any other suits, on account of such agreement.

(3) That defendant be enjoined from prosecuting any suits against complainant in any court of the United States on any of the patents set out in the agreement, and that complainant have further and general relief.

The above is a brief summary of the substance of a long, detailed bill. It is sufficient, however, to bring the contention of the parties before the court.

In support of its motion, defendant contends that the court has no power to enjoin it from prosecuting its suit against complainant in the Chicago court, or from prosecuting other suits; that, if the April contract is void for indefiniteness, such defense can be set up in any action at law brought by defendant against complainant on the contract; that therefore complainant has a complete remedy at law; that the bill shows no ground for relief under the Sherman Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209); that the alleged fraudulent representations are not, on their face, of such a character as to authorize the cancellation of the April contract; that the issues are so plain upon the pleading that the case should be settled upon defendant's motion, without proceeding to answer and proofs.

On its behalf, complainant contends that a reading of the contract of April, 1912, makes it so clear that the contract is void by reason of indefiniteness, that the case can be determined finally upon this motion of the defendant, and that a 'final decree should be entered in favor of complainant, without proceeding to answer and proofs. Without subjecting the bill in equity to minute analysis, I think it clearly is not without equity. I think its averments sufficient to present issues of fact. Under our practice, the federal courts are inclined to allow a case in equity involving important matters to go to issue and proofs, where a doubtful question is raised by the pleadings. It has been the practice to overrule a demurrer, unless it is founded upon an absolutely clear proposition that, taking the allegations to be true, the bill must be dismissed at the hearing. Kansas v. Colorado, 185 U. S. 125, 144, 22 Sup. Ct. 552, 46 L. Ed. 838; Story's Equity Pleadings, page 379; Daniell's Chancery, page 542. This bill of complaint presents certain intricate matters of considerable detail, which, I think, should go to answer and proofs, without prejudice to any question raised by either party touching this motion.

Defendant's motion to dismiss is denied. Defendant may answer under the rules. The matter of costs will be passed upon at the final disposition of the case.