### JENKINS PETROLEUM PROCESS CO. v. SINCLAIR REFINING CO.

(District Court, D. Maine. May 28, 1921.)

#### No. 816.

Equity ⏠223—Bill not subject to demurrer, because containing statements of evidence and unnecessary matter.

A bill alleging defendant had acquired a patent, which he was bound to assign to plaintiff, which contained a plain statement of the grounds of jurisdiction and of the ultimate facts for relief, *held* good on demurrer, though containing some statements of evidence and unnecessary matter of inducement, under the practice to overrule a demurrer, unless founded on an absolutely clear proposition, and that, taking the allegations to be true, the bill must be dismissed at the hearing.

In Equity. Bill by the Jenkins Petroleum Process Company against the Sinclair Refining Company. On motion to strike portions of the bill and to dismiss the bill. Denied.

Parkinson & Lane, of Chicago, Ill., and Philip G. Clifford, of Portland, Me., for complainant.

R. T. Osborn, W. Clyde Jones, Keene H. Addington, and J. B. Macauley, all of Chicago, Ill., and Verrill, Hale, Booth & Ives, of Portland, Me., for defendant.

HALE, District Judge. In the bill of complaint the plaintiff alleges ownership by it of certain patented processes and apparatus described therein. It alleges, as inducement, certain dealings with the defendant which show that prior to October 2, 1916, one Jenkins and his associates had certain confidential relations with it, and that the letter of the above date constituted an agreement; that the plaintiff performed its part of the terms and conditions of its agreement; that, taking advantage of the information and suggestions given to the defendant by

Jenkins and his associates, the defendant has acquired a patent which is annexed and made a part of the bill; that, under the terms of the agreement between the parties, the defendant is bound to assign this patent; that the discoveries and inventions which the defendant claims to own, in addition to the patent, are either discoveries and inventions belonging to the plaintiff or improvements and modifications thereof, devised through the use of the apparatus delivered to it under the terms of the agreement; and that they were devised by means of the information given to the defendant by the plaintiff under the terms of the agreement. The bill asks for a discovery of certain matters claimed to be essential in the cause. I have given only a brief summary of the story which the bill tells.

The motion seeks to strike out portions of the bill on the ground that they are immaterial, irrelevant, and impertinent. It is directed, also, to a dismissal of the bill for the reason that no facts are stated sufficient to warrant the court in granting relief; that the alleged agreement lacks consideration; that it lacks mutuality; that it shows the plaintiff to have a plain, adequate, and complete remedy at law.

Upon examination of the portions of the bill to which my attention is directed, I am not satisfied that they are either impertinent, irrelevant, or immaterial. Many of them are matters of inducement; some of them might be stricken out without, perhaps, affecting the rights of the parties; but, on the whole, I think none of them are open to the attacks made by the motion.

In the matter of the dismissal of the bill, I find, upon careful examination, that the attacks made upon it by the motion cannot be sustained. The bill seems to me to comply substantially with the rule that a bill should contain a short and plain statement of the grounds upon which the court's jurisdiction depends, and should contain, also, a short and simple statement of the ultimate facts upon which the plaintiff asks relief omitting any mere statements of evidence. Some statements of evidence are found in the bill, and some matters of inducement which are not, perhaps, necessary for a complete understanding of the case; but I think the bill is not open to the attacks contained in the motion.

In Ralston Steel Car Co. v. National Dump Car Co. (D. C.) 222 Fed. 590, following the decisions of the Supreme Court of the United States, this court held that, under our practice, the federal courts are inclined to allow a case in equity, involving important matters, to proceed to answer and proofs where a doubtful question is raised by the pleadings, and that it has been the practice to overrule a demurrer, unless it is founded upon an absolutely clear proposition; that, taking the allegations to be true, the bill must be dismissed at the hearing. Kansas v. Colorado, 185 U. S. 125, 144, 22 Sup. Ct. 552, 46 L. Ed. 838; Story's Equity Pleadings, p. 379; Daniell's Chancery, p. 542.

In the case before me it is not necessary for me to discuss the various allegations of the bill of complaint, or the elaborate argument of the learned counsel in support of the motion. The bill presents, with

sufficient clearness, important questions of fact and many matters somewhat intricate. I think the case should go to answer and proofs.

The motion to strike out is denied; the motion to dismiss is denied. The matter of costs will be passed upon at the final disposition of the case.