INTERSTATE COTTON OIL REFINING CO. v. REFINING, Inc.

No. H-201.

District Court, D. Nevada.

March 2, 1938.

Thatcher & Woodburn, of Reno, Nev., for plaintiff.

Key Pittman, of Tonopah, Nev., M. A. Diskin, of Reno, Nev., and Charles M. Thomas, of Washington, D. C., for defendant.

NORCROSS, District Judge.

This is a suit for a declaratory judgment in which the petition was filed December 29, 1937, praying for a decree: (a) That patents granted to defendant, Nos. 2,100,274, 2,100,275, 2,100,276, and 2,100,277, on November 23, 1937, be declared void, invalid, and to no effect, as to each of the claims thereof in view of approximately seventy items of the prior art; (b) that it be decreed plaintiff's processes do not infringe any of the claims of said pat-

ents, and that plaintiff has the right to practice the processes defined in its petition, without threat, or other interference by, or from, the defendant; (c) for a preliminary injunction inhibiting defendant, its officers, etc., from asserting that any of the claims of the patent have been, or are now being, infringed by plaintiff, and from threatening to sue, or suing, plaintiff for such infringement; (d) for a perpetual injunction to the same effect; and (e) for an accounting to ascertain the amount thereof, and the recovery of such damage as plaintiff may have sustained by reason of the assertion by defendant of its belief of plaintiff's infringement, and for costs and for other such relief as may seem fit and proper.

Plaintiff is a corporation of the state of Delaware, having its principal place of business at Sherman, Tex., and the defendant is a corporation of the state of Nevada, with its principal office or place of business at Reno, Nev.

On February 4, 1938, defendant served upon counsel for plaintiff and filed in this court motions as follows: (a) Motion for a bill of particulars; (b) motion for an order dismissing the petition or bill of complaint; and (c) motion for an order staying proceedings in this suit until final determination of at least one of a number of suits in equity, filed under the patent laws of the United States in the United States District Court for the District of Delaware, involving questions of validity of defendant's patents Nos. 2,100,274 and 2,100,275, above referred to, and the infringement thereof by processes such as those employed by petitioner at bar.

This suit is brought under Judicial Code, § 274d, as amended, title 28 U.S.C.A. § 400. The several motions have been heard and submitted upon oral argument and briefs filed. The motion to dismiss, if granted, would render unnecessary consideration of the other motions, therefore, will first be considered. The motion to dismiss is limited to the allegations of the petition, hence, certain of the reasons advanced in support thereof based upon facts not appearing therefrom, must be disregarded upon this motion. Geiger v. First-Troy Nat. Bank, 6 Cir., 30 F.2d 7; Conway v. White, 2 Cir., 292 F. 837; Ralston Steel Car Co. v. National Dump Car Co., D.C., 222 F. 590.

The petition alleges plaintiff to be a corporation organized under the laws of

the state of Delaware, having its principal place of business at Sherman in the state of Texas; that defendant is a corporation organized under the laws of the state of Nevada with principal office or place of business at Reno, Nev.; that for about four years prior to the filing of the petition plaintiff had been engaged in the business of manufacturing vegetable oils in accordance with a process which it had a right to use when it was served with notice by defendant that it was infringing upon defendant's patent rights; that defendant's claimed patents were void; and that the process used by plaintiff was not infringing any of such patents. The notice, alleged to have been served by defendant upon plaintiff, reads:

"November 23, 1937.
"Interstate Cotton Oil Refining Co., Sherman, Texas

"Gentlemen: We have been advised that you have been for some time in the past and are now using a continuous process for the refining of animal and/or vegetable oils, utilizing equipment furnished by The Sharples Specialty Company of Philadelphia, Pennsylvania.

"Your attention is called to the following patents granted to Refining, Inc., on November 23, 1937.

Clayton et al 2,100,274 Nov. 23, 1937
"          2,100,275      "
"          2,100,276      "
"          2,100,277      "

"It is our belief that your commercial operations clearly infringe many claims of certain, if not all, of the foregoing patents. You may be interested to know that the Clayton et al patent 2,100,275 matured on an application heretofore involved in a long and vigorously contested interference with an application of James, assigned to The Sharples Specialty Company. The decisions of the Patent Office tribunals uniformly awarded priority to Clayton et al in this interference, such decisions having been affirmed by the United States Court of Customs and Patent Appeals in a final decision rendered on June 21, 1937, reported in 90 F.2d page 337.

"At this time it is not the desire of Refining, Inc. to compel you to discontinue the use of the accused process. However, unless we are promptly assured of your intention to voluntarily discontinue the use of the infringing process, or to recognize the patents by acquiring a non-exclusive license thereunder, to begin from the date of the grant of the above identified patents on such terms and conditions as our client deems fair and just, we will be forced immediately to take such legal steps as necessary to enforce these patent rights.

"We would appreciate an immediate statement of your position in order that we may appropriately act without delay.

"Very truly yours,
"[Signed]   Bacon & Thomas.
"CMT/pq."

The question of the sufficiency of plaintiff's complaint appears to have been definitely settled by the recent decision of the Supreme Court of the United States in Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. See, also, Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, certiorari denied 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884. The motion to dismiss should be denied.

The motion to stay proceedings in this case presents a more serious question. It appears from affidavits filed in support of the motion and from documents filed at the time of the hearing that on December 23, 1937, defendant herein instituted a suit in the United States District Court for the District of Delaware against Sharples Specialty Company and on the following day in the same court instituted a suit against Wilson & Co., Inc. That said suits involved the validity of the patents referred to in plaintiff's complaint herein. That on January 10, 1938, defendant herein in the same Delaware court filed a similar suit against plaintiff herein. It further appears that said defendant Wilson & Co., Inc., and plaintiff herein were and had been users of a process claimed by and under permit of said Sharples Specialty Company. That the application for patent No. 2,100,274 was involved in an interference in the United States Patent Office with a later filed application for a patent by James, owned by the said Sharples Specialty Company, a Delaware corporation, this interference contest consumed practically five years and was carried by the Sharples Specialty Company to the United States Court of Customs and Patent Appeals which affirmed the determination of the Patent Office, awarding priority of invention to Refin-

ing, Inc., defendant herein. James v. Clayton, 90 F.2d 337.

Had the fact of the pendency of these suits been set up by answer then they could have appropriately been considered on motion to dismiss. Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325. While the Ætna Case last cited did not involve questions of patent rights, it did consider and apply general rules applicable to procedure under the recently enacted (1934) declaratory judgment provision of the Judicial Code. The following excerpts are quoted from the opinion of the Circuit Court of Appeals, Fourth Circuit, by Parker, Circuit Judge, in the Ætna, etc., Case last cited:

"Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute. It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted. As was well said by Professor Borchard (Declaratory Judgments 107-109):

" 'The two principal criteria guiding the policy in favor of rendered declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. In addition, and perhaps, as indicating when a useful purpose will not be served, statute and practice have established the rule that the judgment may be refused when it is "not necessary or proper at the time under all the circumstances." * * * The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration.' "

From the showing made upon this motion, it appears that prior to the filing of plaintiff's petition in the instant case a suit had been instituted in the District of Delaware by the defendant herein against the Sharples Specialty Company alleging infringement of the patents involved in this suit and that it is from the said Sharples Specialty Company that plaintiff herein derives any right which it has or may have to use the apparatus for practicing the process involved in the patents in question.

The suit against Wilson & Co., Inc., also instituted prior to the present suit presents the same situation as is presented in the suit instituted against plaintiff herein shortly following the filing of petition in the instant case. All these suits are now pending in the District of Delaware of which District plaintiff herein holds its legal citizenship status.

The question presented upon this motion involves the exercise of a judicial discretion. It is clear from the authorities cited that the question should be answered in the affirmative and the motion granted. See, also, Automotive Equipment v. Trico Products Corporation, D.C., 11 F. Supp. 292; Link-Belt Co. v. Dorr Co., D. C., 15 F.Supp. 663.

Defendant's motion for a bill of particulars should be denied. The bill of particulars as prayed for is not essential to enable defendant to set up any defense it may have in its answer. Should for any reason not now apparent this suit should ever come on for trial, defendant may be entitled to all or some of the information prayed for in its said motion.

Defendant's motion for an order dismissing the petition or bill of complaint is denied.

Defendant's motion for a bill of particulars is denied.

Defendant's motion for an order staying proceedings in this suit until final determination of at least one of a number of suits in equity, filed under the patent laws of the United States in the United States District Court for the District of Delaware, involving the questions of validity of defendant's patents Nos. 2,100,274 and 2,100,275, above referred to, and the infringement thereof by processes such as those employed by petitioner at bar, is granted, subject to the right of defendant within twenty days to file answer to plaintiff's complaint herein.