ROZELLE v. QUINN, Assessor of Los Angeles County.

No. 2270.

District Court, S. D. California, Central Division.

Nov. 23, 1942.

Donald Leonard Rozelle, of South Gate, Cal., representing himself as plaintiff.

J. H. O'Connor, Co. Counsel, of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

This is a motion to dismiss a complaint for declaratory judgment commenced pursuant to Title 38, C. 11, subc. 1, sec. 592 (a) of the United States Code Annotated.

The complaint avers inter alia, that the plaintiff is a veteran of the World War of 1918, in the United States Army, into which he was regularly inducted "Nov. 8, 1918, by Local Board for Division #2, St. Joseph, Missouri, and was discharged from draft November 12, 1918, at place of his local board by reason of cancellation of the draft."

The complaint alleges that the assessor of Los Angeles County, California, "has arbitrarily and capriciously refused and still refuses plaintiff certain privileges and immunities to which" he is entitled by reason of his purported status as a world war veteran. The defendant denies that the plaintiff is a bona fide veteran of said war and, instead, contends that the plaintiff was discharged from the draft only. The problem herein narrows itself down to two issues:

1. The existence of an actual controversy between the parties,

2. The jurisdiction of this court to hear and determine the subject matter involved.

These issues will be determined in the order enumerated:

"The motion to dismiss is limited to the allegations of the petition, hence certain of the reasons advanced in support thereof based upon facts not appearing therefrom, must be disregarded upon this motion. Geiger v. First-Troy Nat. Bank, 6 Cir., 30 F.2d 7; Conway v. White, 2 Cir., 292 F. 837; Ralston Steel Car Co. v. National Dump Car Co., D.C., 222 F. 590."

742

Interstate Cotton Oil Refining Co. v. Refining, Inc., D.C., 22 F.Supp. 678, 679; Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697, 700. "The bill, the allegations of which are taken as true, for the purpose of the motion to dismiss * * *." Maryland Casualty Co. v. Hubbard, supra.

In accordance with the rule, the scope of the examination here will be restricted to the four corners of the complaint. Title 28, sec. 400(1), declares: "In cases of actual controversy * * * the courts of the United States shall have power * * * upon * * * complaint * * * to declare rights and other legal relations of any interested party petitioning for such declaration * * *." Declaratory relief requires the existence of rights and legal relations capable of declaration. This necessarily implies rights and legal relations not merely with reference to one's self, but with another, involving an actual controversy. "The word 'actual' is one of emphasis rather than of definition." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000. Justice Murphy ably declared in Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826, that: "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." The record reveals that sec. 592(a), Title 38, C. 11, subc. 1 of the United States Code, upon which the plaintiff predicates his action, provides that: "The term 'veteran' includes any individual, a member of the military or naval forces of the United States at any time after April 5, 1917, and before November 12, 1918; * * *." The pertinent portion of this section is no more than definitive in nature. It does not purport to create or confer any rights or impose any obligations on anyone; and by itself can give rise to no controversy. In an effort to produce an issue, the plaintiff alleges that by reason of his military service the "defendant has arbitrarily and capriciously refused, and still refuses plaintiff certain privileges and immunities to which he is justly entitled * * *;" and this without the least indication as to what these privileges and immunities are, or from what source the right thereto emanates. To thus declare the mutual rights and duties of each of the parties hereto, without associating some legal significance to their relationship, if any there be; or to declare the status of the plaintiff without imposing some corresponding right or duty upon the defendant, would not only be contrary to law, but would require the assumption of a fact not appearing on the face of the complaint. Such a departure is not allowed. "The jurisdiction of the United States District Court is only that conferred by the Federal Constitution or federal statutes. Noland v. Noland, [9 Cir.], 1940, 111 F.2d, 322, certiorari denied, 1941, 311 U.S. 670, 61 S.Ct. 30, 85 L. Ed. 430, rehearing denied, 1941, 311 U.S. 726, 61 S.Ct. 130, 85 L.Ed. 473". Title 28 U.S.C.A. § 41, subd. (1). "Federal courts are courts of limited jurisdiction." McQuillen v. National Cash Register Co., 4 Cir., 1940, 112 F.2d 877, affirming D.C., 27 F.Supp. 639, certiorari denied, 1941, 311 U.S. 695, 61 S.Ct. 140, 85 L.Ed. 450, rehearing denied, 1941, 61 S.Ct. 316, 311 U.S. 729, 85 L.Ed. 474. 28 U.S.C.A. supra. 28 U.S.C.A. § 41, subd. (1) provides that the United States District Courts have jurisdiction "Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * *." A cursory examination of the plaintiff's pleadings discloses a jurisdictional defect by failing to aver the requisite amount of $3,000 or any amount at all. "The amount or value in controversy stated in plaintiff's complaint is the sole test of federal jurisdiction, so far as concerns courts of the first instance. South Dakota Cent. Ry. Co. v. Chicago, M. & St. P. Ry. Co. ([8 Cir.] 1905) 141 F. 578," 28 U.S.C.A. § 41(1), note 255. St. Paul Mercury Indemnity Co. v. Red Cab Co., U.S.Ind.1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. The Declaratory Judgment Act has not obviated the necessity of the jurisdictional amount. "There must exist, as heretofore, the essential grounds for

federal jurisdiction, * * *." Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 442, 115 A.L.R. 1486. This court is not unmindful of subd. 14, sec. 41, Title 28, U.S.C.A. allowing suits to redress deprivation of civil rights, but the substance of the plaintiff's present complaint will not permit its application, nor the application of the law cited in his authorities. Accordingly, the motion to dismiss the plaintiff's complaint is granted with leave to amend the same consistent with this opinion within fifteen days after the filing date hereof.