Ben D. **WILLIS** et al., Appellants,

v.

**SABINE RIVER AUTHORITY,** Appellee.

No. 7416.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 27, 1962.

Rehearing Denied Dec. 18, 1962.

Olin P. McWhirter, Greenville, Fulton & McClain, Gilmer, for appellants.

Allen Clark, Greenville, Fred V. Meridith, Terrell, Mary K. Wall, Asst. Atty. Gen., Austin, H. P. Kucera, Dallas, for appellee.

DAVIS, Justice.

A declaratory judgment suit. The appellee, Sabine River Authority of Texas, a corporation, filed suit for declaratory judgment against Boles Home, Inc., and the appellants as the heirs and legal representatives of W. F. Boles, deceased, and Mary Barnhart Boles, deceased. The appellee is interested in acquiring about 330 acres of land by condemnation proceedings from the Boles Home, Inc. This is part of a tract of land that was conveyed to the Boles Home, Inc., by W. F. Boles and Mary Barnhart Boles by a contract dated November 10, 1923, and a deed dated December 7, 1923. The contract and deed created a "voluntary trust" for the "exclusive" purpose of operating and maintaining an orphan's home for children, a home for aged people, and others. The appellee

alleged in its petition for declaratory judgment certain contents that were in the contract and the deed. The appellee alleged the contract contained the following provisions:

"As hereinbefore stated, the entire absorbing intention of the donors in granting the land hereinbefore mentioned is for the establishment of a Home for Orphans and for their proper care, maintenance, education and spiritual development. Said Home to be maintained for such purpose for all time. Therefore, it is hereby expressly provided, as a condition subsequent, that if said lands and premises should not be used for the purpose of establishing and maintaining for all time such a home to care for, maintain, educate and spiritually develop Orphan Children, and if said property should be diverted from such use and used for other different purposes, then and in either event the title to said property and premises shall revert to us, or either of us, if alive, and if dead, then to our legal heirs or estates."

The appellee alleged the deed contained the following special provision:

"As hereinbefore stated, the entire and absorbing intention of the donors in granting the land hereinbefore mentioned is for the establishment of a home for Orphans and for their proper care, maintenance, education and spiritual development. Said Home to be maintained for such purpose for all time. Therefore, it is hereby expressly provided as a condition subsequent, that if said lands and premises should not be used for the purpose of establishing and maintaining for all time such a Home by said Church to care for, maintain, educate and spiritually develop Orphan Children, and if said property should be diverted from use and used for other and different purposes, then and in either event the title to said property and premises shall

revert to us, or either of us, if alive, and if dead, then to our legal representatives."

The contract and the deed contained other limitations, but they will not be discussed because of the law of the case.

Appellee made all the surviving heirs and legal representatives and the unknown heirs of W. F. Boles and Mary Barnhart Boles defendants in the suit. Boles Home, Inc., filed special exceptions to the petition, and denied the appellee had any right of recovery. In the alternative, Boles Home Inc., took the position that the heirs and legal representatives of W. F. Boles and Mary Barnhart Boles should be allowed a minimum of One Dollar under the limitations as set out in the contract and. the deed. It also took the position that the "diversion" that was about to take place was involuntary. The Attorney General of Texas intervened in the lawsuit.

The petition did not state a cause of action against the heirs upon which relief could be granted. The heirs denied all the allegations in the appellee's petition.

█ The trial court entered a judgment that the heirs and legal representatives of W. F. Boles and Mary Barnhart Boles, both deceased, did not have any compensable interest in any amount of money that may be awarded to the Boles Home, Inc., in the condemnation proceedings that "may be instituted by the appellee" to condemn the land described in their petition. The condemnation proceeding had already been filed by the appellee, and it offered the petition in condemnation in evidence, without any reservation whatever, and they are bound thereby. Lock v. Morris, Tex. Civ.App., 287 S.W.2d 500, W.R., N.R.E.

The appellants excepted and have perfected their appeal, bringing forward one point of error.

█ The suit was brought under Art. 2524–1, Vernon's Ann.Tex.Civ.St., known as the Uniform Declaratory Judgment Act,

as taken from the Federal Declaratory Judgment Act. The interest that the appellee expects to acquire is anticipatory. The appellee, a corporation, has already passed a resolution to acquire the property by condemnation, and any future interest that they may acquire can not be declared upon by a declaratory judgment. They do not own or hold any interest in the property at this time whatever. In a suit for declaratory judgment there must be an actual justiciable controversy between the parties. Any actual justiciable controversy that may exist in the case as a result of the contract and the deed is between *Boles Home, Inc., and the heirs and legal representatives of W. F. Boles and Mary Barnhart Boles.*

Chief Justice Hughes in writing on the Declaratory Judgment Act as to its limitations to "cases of actual controversy", pointed out that the constitutional provisions are operated only in respect to controversies "between parties" in a constitutional sense. He pointed out that the word "actual" is one of "emphasis" rather than of "definition", and the operation of the Declaratory Judgment Act is procedural only in providing remedies and defining procedure in relation to cases and "controversies". Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. See, also, Rozelle v. Quinn, D.C., 47 F.Supp. 740; Re Estate of S. Anice Cryan, Deceased, 71 A.L.R. 1417.

The appellee can acquire title to the land in question by condemnation proceedings and be fully protected.

A proceeding for declaratory judgment must be based upon an actual, real, bona fide, and justiciable controversy. 19 T.J.2d 147, Sec. 9; 19 T.J.2d 162, Sec. 23. The appellee is not interested under the contract and the deed except for the interest that it anticipates to acquire. 19 T.J.2d 156, Sec. 19. A person must have a right and must be a necessary party to the suit. 19 T.J.2d 166, Sec. 26; 19 T.J.2d 167,

Sec. 27. As further evidence of the fact that a person must have an actual justiciable interest in the property involved in the litigation see the following authorities: Tippet's and Newbould's, Contracts, 37 Ch. D. 444 (1887); Nichols' and Von Joel's, Contracts, 1 Ch. 43, (1910); Strong v. Hancock, 201 Cal. 530, 258 P. 60; Whitney v. Randall, 58 Idaho 49, 70 P.2d 384; Bringardner Lumber Co. v. Knuckles, 253 Ky. 292, 69 S.W.2d 345; Merkley v. Merkley, 12 Cal.2d 543, 86 P.2d 89; "Anderson, Declaratory Judgments", Secs. 8, 42, 43, 49, 65, 66, 67, 100, and 313; Brooks, et al., v. Erbar, Tex.Civ.App., 186 S.W.2d 372, W.R., W.O.M.

A suit under the Uniform Declaratory Judgment Act will not lie for a judgment declaring an order calling an election invalid and of no effect. Killam et al. v. Webb County et al., Tex.Civ.App., 270 S.W.2d 628, W/R, N.R.E.

The appellee can *not* amend its petition to show an actual interest or a justiciable controversy existing under the contract and the deed between it and the Boles Home, Inc., and the heirs and legal representatives of W. F. Boles and Mary Barnhart Boles. Brannon v. Pacific Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466. The pleadings govern the jurisdiction of the courts. A lack of jurisdiction of a court can not be waived. Jones et al. v. Maples et al., Tex.Civ.App., 184 S.W.2d 844.

There is no other alternative than to sustain the point of error and dismiss the cause of action. 19 T.J.2d 171, Sec. 30; 26 C.J.S. Declaratory Judgments §§ 151, 359.

The Commission of Appeals of Texas in an opinion approved by the Supreme Court, Justice Smedley wrote on the law relative to condemnation proceedings in cases such as this. Houston North Shore Railway Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508. There were approximately 170 condemnees in the case. Many of the condemnees filed suits against

each other in the District Court prior to the trial of the condemnation proceeding.

It is true the County Court has no jurisdiction to decide questions of title to real property. It can only condemn the property and *hold the money in abeyance until a court of competent jurisdiction has decided the issues*. 22 T.J.2d 333, Sec. 24; City of Houston v. Culmore, 154 Tex. 376, 278 S.W.2d 825.

There being no actual justiciable controversy between the appellee and the Boles Home, Inc., and/or the heirs and legal representatives of W. F. Boles and Mary Barnhart Boles, both deceased, the point of error is sustained, the judgment of the trial court is reversed, and the case is dismissed as to appellants.