**SABINE RIVER AUTHORITY OF TEXAS et al., Petitioners,**

v.

**Ben D. WILLIS et al., Respondents.**

No. A–9439.

Supreme Court of Texas.

June 12, 1963.

Rehearing Denied July 24, 1963.

Allen Clark, Greenville, H. P. Kucera, City Atty., Dallas, for Sabine River Authority.

Fred V. Meridith, Terrell, for Boles Home, Inc.

Waggoner Carr, Atty. Gen., Austin, J. Milton Richardson, Ben M. Harrison, Asst. Attys. Gen., for Waggoner Carr, Atty. Gen.

Olin P. McWhirter, Greenville, Hollie G. McClain, Gilmer, for Ben D. Willis and others.

WALKER, Justice.

Boles Home, a corporation, holds certain real estate in Hunt County under a contract and deed executed by W. F. Boles and Mary Barnhart Boles in 1923. These instruments recite that the land was conveyed for the purpose of establishing and maintaining a home for orphans, and provide that the title thereto shall revert to the grantors, their heirs or legal representatives, if the property is ever diverted to other uses.

Sabine River Authority of Texas, an agency of the State with the power of eminent domain, decided to condemn part of the land. It instituted the present suit in the District Court of Hunt County against the Home and the heirs of W. F. Boles and Mary Barnhart Boles, and by its amended petition sought a declaratory judgment determining whether the Home or the heirs will be entitled to the money awarded for the land. Prior to the trial of the case, a condemnation petition was filed with the County Judge of Hunt County. Boles Home and the Attorney General of Texas are named as defendants therein, but the heirs were not made parties to that proceeding.

The trial court concluded that a taking of the land under the power of eminent domain does not constitute such diversion of use as would give rise to a right of re-entry or reverter. It entered judgment stating the question presented for decision and declaring that the heirs are not entitled to any part of the condemnation award. The heirs went to the Court of Civil Appeals with one point of error. No attack was made on the conclusion of the trial court mentioned above, but a reversal was sought on the ground that the question cannot properly be decided in this proceeding. It was argued: (1) that Sabine has no justiciable interest in the controversy, and (2) that the rights of the parties in the condemnation award cannot be determined until the land is taken. The Court of Civil Appeals sustained the first of these contentions, reversed the judgment of the trial court and dismissed the cause. 363 S.W.2d 172.

We assume without deciding that Sabine has no justiciable interest in the controversy and would not be entitled to maintain this suit against proper objection. The question was not, however, raised in the trial court. Sabine set out at first to condemn the land in the present action and have the district court apportion the money between the Home and the heirs. The heirs excepted to the original petition on the ground that no cause of action was stated against them upon which relief might be granted, but it does not appear that this exception was ever called to the attention of or ruled upon by the trial court.

The question which the heirs intended to raise by the exception may well have become moot when Sabine abandoned its efforts to condemn in the district court. In the first amended original petition Sabine alleged that it was necessary to institute condemnation proceedings in the County Court of Hunt County and prayed for a

declaratory judgment determining whether the heirs have any interest in the land which would entitle them to part of the award. About two weeks later the Home filed its first amended original answer, alleging a right to receive and retain all compensation paid by the condemning authority for the land and praying, among other things, that the court construe the contract and deed and enter judgment to that effect. The latter pleading was answered by the heirs with a general denial, an allegation that under the terms of the contract and deed they are entitled to the proceeds of the land, and a prayer that the Home take nothing. The Attorney General intervened and adopted the pleadings of the Home. Neither the Home nor the heirs questioned Sabine's right to maintain the suit in the trial court. There was no plea to the jurisdiction, no plea of misjoinder of parties, and no plea in abatement of any kind.

■ From the foregoing summary of the pleadings on which the parties went to trial, it is evident that there is a dispute between the Home and the heirs as to the effect a taking of the land for public use will have on the title. They joined issue thereon without making any objection to being brought into court by one who had no right to do so. After thus obtaining an adjudication of their controversy, they will not be heard to say on appeal that the cause should be dismissed because Sabine has no justiciable interest therein.

■ There is no merit in the other arguments advanced by the heirs in support of their contention that the controversy cannot be resolved in this proceeding. The amount of money to be awarded for the land is not material to a determination of the question presented to the trial court for decision. At one place the judgment states that the heirs have no compensable interest in any amount of money awarded the Home in any condemnation proceeding instituted by Sabine, and the trial court found that the use of the land by the Home has been in full compliance with the terms of the deed.

As we construe the judgment, however, the court has merely declared that a taking of the land by Sabine under its power of eminent domain does not constitute such diversion of use as would entitle the heirs to an interest in the property or the money awarded therefor. Since condemnation appears to be imminent, the district court had jurisdiction to decide that question in this declaratory judgment action. It is not necessary to wait until the land is taken so the court may determine at that time whether there has been any violation of the deed provisions. The judgment in the present case will not be res judicata of a claim based on an alleged unauthorized use occurring after the entry of such judgment and prior to the taking of the land by Sabine. In the circumstances disclosed by the present record, the district court did not err in hearing the case and proceeding to judgment, but we do not reach the merits of the basic question considered and decided there.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

## ON MOTION FOR REHEARING

Respondents' motion for rehearing indicates that the penultimate paragraph of our original opinion may not be entirely clear.

The condemnation petition was filed with the County Judge prior to the trial of this case, but it does not appear that any further action had been taken in that proceeding. In their brief in the Court of Civil Appeals, 363 S.W.2d 172, respondents insisted that it was impossible under these circumstances for the trial court to say that the land will still be used for the care and maintenance of orphan children on the date of condemnation. As we interpreted their argument, they were saying that the court should not have made an unqualified declaration that respondents are entitled to no part of the condemnation award, because the land might be sold by the Home

to someone not a party to the suit and diverted by the latter to an unauthorized use before the property is taken by Sabine. Having concluded that respondents were placing an unwarranted construction on the judgment of the trial court, we pointed out in our original opinion that the judgment in this case will not be res adjudicata of a claim based on an alleged unauthorized use occurring after the entry of such judgment and prior to the taking of the land by Sabine. This statement refers to any claimed diversion of the property other than its being taken by Sabine through an exercise of the power of eminent domain. The judgment of the trial court adjudicates and finally determines that the condemnation and taking of the land by Sabine, and the subsequent use of the same for any purpose the condemning authority considers proper, do not constitute such diversion of use as would entitle the heirs to an interest in the property or the money awarded therefor in the condemnation proceedings.

The motion for rehearing is overruled.