LEECO GAS & OIL CO., Appellant,

v.

COUNTY OF NUECES, Appellee.

No. 13–85–467–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.
Rehearing Denied Sept. 30, 1986.

John J. Pichinson, G.I. Gandy, Jr., Corpus Christi, for appellant.

Carol McCollister, Co. Attorney's Office, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an eminent domain case. The Leeco Gas and Oil Company appeals Nueces County's condemnation of Leeco's reversionary interest in land Leeco had previously deeded to the County for use as a park. Leeco's primary argument is that the County was estopped from taking Leeco's reversionary interest. Alternatively, if the taking was justified, Leeco argues that it should have received much more than nominal damages for its interest.

Only a simplified version of the facts is necessary for the determination of this case. In 1960, Leeco "gift-deeded" 50 acres of land on Padre Island, Texas, to Nueces County "so long as" the County maintained the property as a public park. The deed provided that the consideration for the conveyance was the undertaking by the County to build and maintain a public park on the land. The deed further provided that the land would revert back to Leeco if the County did not abide by numerous specific conditions. The County developed

and maintained a park on the land, and has at all times abided by the deed restrictions. The park is known as the Packery Channel Park.

In 1983, Nueces County commenced condemnation proceedings against Leeco's retained interest (possibility of reverter). The trial court granted summary judgment for the County and held that Leeco was entitled to only nominal damages as compensation for its interest. A subsequent bench trial was held to determine the amount of nominal damages to which Leeco was entitled. The court thereafter awarded Leeco $10.00 in nominal damages.

Leeco's nineteen points of error can be divided into two groups: those that challenge the authority of the County to take Leeco's reversionary interest, and those that attack the trial court's award of nominal damages.

By its twelfth, thirteenth, and eighteenth points of error, Leeco contends that the County was estopped from taking Leeco's possibility of reverter interest and that the taking violates public policy considerations. Leeco argues that by accepting the gift of the 50 acres in 1960, the County was estopped from later exercising its eminent domain powers to take Leeco's reversionary interest as established in the deed; if the County is allowed to acquire Leeco's reversionary interest, it would no longer need to abide by the restrictions in the deed and would thus defeat the intentions of Leeco, the grantor, in making the gift.

■ We cannot agree with Leeco. Counties have the power to appropriate lands within their boundaries for public purposes. TEX.REV.CIV.STAT.ANN. art. 6081e (Vernon 1970). This includes the fee simple title to land and any lesser interest. *See Houston North Shore Railway Co. v. Tyrrell*, 128 Tex. 248, 98 S.W.2d 786, 793 (1936). When a unit of government is exercising its governmental powers, it is generally not subject to estoppel. *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex.1970); *Capitol Rod & Gun Club v. Lower Colorado River Authority*, 622 S.W.2d 887, 896 (Tex.App.—Austin 1981,

writ ref'd n.r.e.). Acquiring interests in land to establish and maintain public parks obviously involves a governmental function. *See Schooler v. State*, 175 S.W.2d 664 (Tex.Civ.App.—El Paso 1943, writ ref'd w.o.m.).

The Texas Supreme Court has rejected an argument similar to the estoppel argument advanced by Leeco. *See Houston North Shore Railway Co. v. Tyrrell*, 128 Tex. 248, 98 S.W.2d 786, 792–95 (1936). The *Tyrrell* Court permitted the railroad to condemn land upon which it already owned a conditional easement right. Moreover, the case upon which Leeco relies for support of its estoppel argument deals with a related but inapplicable rule of law. *Livonia Township School District v. Wilson*, 339 Mich. 454, 64 N.W.2d 563 (1954) involved facts similar to those in the case at bar. The court held that the school district was estopped from asserting that it had no statutory authority for taking land other than in unencumbered fee simple. The court rationalized that a party who accepts the benefits of a deed will not be permitted to later claim that another part of the deed is ineffective. *Id.*, 64 N.W.2d at 565. Nueces County does not seek to avoid or challenge the legitimacy of the deed it acquired from Leeco, however, so *Wilson* is inapplicable.

Leeco cites no authority for its theory that a governmental body is estopped from asserting its condemnation powers to take its grantor's reversionary interest, nor are we able to find any. Relying on *Tyrrell*, we reject Leeco's contention that Nueces County was estopped from condemning Leeco's reversionary interest.

■ Nor do we find the County's condemnation proceeding to be against the public policy of this State, as Leeco contends. Leeco argues that to allow a governmental body to take its grantor's reversionary interest will serve to prevent further conditional gifts of property. While we understand and appreciate Leeco's concern, we hold that under the facts of this case, public policy does not require the

County to forego its right to condemn a reversionary interest in property. This is not a case where a governmental unit has abused its condemnation authority. By deposition and affidavit, the Honorable Robert Barnes, Nueces County judge, advanced several reasons for the County's decision to acquire the reversionary interest in the Packery Channel Park. These were also found in the affidavit of J.C. Barr, the Director of the Nueces County Board of Park Commissioners. Among these reasons were the desire to better utilize the park for the benefit of the public, which could not be done with the many restrictions in the deed, and the desire to obtain federal funds to help maintain and improve the park, which could not be obtained as long as the reversionary interest existed. These factors indicate strong public policy support for the condemnation. Additionally, we note that twenty-three years have passed from the time of the conveyance to the condemnation proceeding. This is not a case (nor is it alleged to be a case) where a governmental body has acted in bad faith by accepting gift land and immediately attempted to take its grantor's remaining interest.

We overrule Leeco's twelfth, thirteenth and eighteenth points of error.

■ Leeco's fourth through sixth points of error complain that the County did not establish a public need for the taking. Leeco first contends that since the County already had the use of the land for park purposes, it had no power to condemn Leeco's reversionary interest. *Leeco cites Houston North Shore Railway Co. v. Tyrrell*, 128 Tex. 248, 98 S.W.2d 786 (1936). *Tyrrell* actually supports the County's position, however. The court there sets out the general rule that "condemnation rests upon necessity, and there can be no necessity to acquire what one already owns." *Id.*, 98 S.W.2d at 794. The court states further, however, that this general rule does not apply "when the petition for condemnation alleges in the petition a right or title temporary in duration or subject to forfeiture for breach of a condition, and in

the condemnee the fee title or the reversion." *Id.* The court then upheld the railroad's condemnation of property upon which it already had a conditional easement. *Tyrrell* is strong authority for the County's power to condemn Leeco's possibility of reverter.

■ Leeco also argues that the County did not plead or prove a public necessity for the taking. We disagree. The County's original and amended condemnation pleadings stated that the deed restrictions hindered the County's present use and future plans for the park. Affidavits and deposition testimony established the public policy reasons for taking Leeco's possibility of reverter. We overrule Leeco's fourth through sixth points of error.

■ Leeco's first and third points of error allege that the trial court erred in granting the partial summary judgment since material fact issues existed. Leeco points to affidavits which indicate that the County planned to use the park for activities inconsistent with the deed restrictions if it could acquire Leeco's reversionary interest. We overrule these points. What the County would possibly like to do with the land to enhance its value as a park after it obtained the reversionary interest from Leeco cannot be considered a material fact issue. The County established a public purpose for the taking and that no deed restrictions had been violated at the time of the taking, and met its summary judgment burden. Leeco's first and third points of error are overruled.

■ Leeco's nineteenth point of error alleges that the trial court erred in granting the County more relief than it requested. Specifically, Leeco complains that the trial court's judgment grants the County all of Leeco's reversionary interest, whereas the County's petition pled that the County "does not ask that the general limitation of use of the property for public park purposes be otherwise affected." However, immediately prior to this language, the petition also stated that the County was seeking to condemn,

*all of the rights, title, interests,* causes of actions and claims *of (Leeco )* ... ... to enforce ... the limitations, conditions, restrictions and provisions hereinabove quoted for the purpose of further development and operation of the premises as a public park by engaging in some or all of said prohibited activities. [Emphasis added.]

This language indicates that the County sought to condemn *all* of Leeco's possibility of reverter. If the petition was vague or ambiguous, Leeco had to specially except to it. By failing to do so, Leeco has waived error, if any. TEX.R.CIV.P. 85, 90, 91. We overrule Leeco's nineteenth point of error.

By its second and seventh through eleventh points of error, Leeco contends that it was entitled to more than nominal damages as compensation for the County's taking of Leeco's possibility of reverter. The trial court awarded Leeco only $10.00 in nominal damages, relying on the case of *City of Houston v. McCarthy,* 464 S.W.2d 381 (Houston [1st Dist.] 1971, writ ref'd n.r.e.).

■ *McCarthy* also involved a governmental attempt to condemn a reversionary interest created after an earlier conditional gift. The Court of Appeals permitted the condemnation of the reversionary interest and held that its value "was so speculative as to be nominal only." *Id.* at 384. The court cites several authorities to support its holding, including *Sabine River Authority v. Willis,* 369 S.W.2d 348 (Tex.1963) and *Hamman v. City of Houston,* 362 S.W.2d 402 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.). *See also* 2 J. Sackman & P. Rohan, *Nichols' The Law of Eminent Domain* § 5.05 (1985). Thus, the general rule is that a mere possibility of reverter has no ascertainable value where the event upon which the possessory estate in fee simple defeasible is to end is not probable within a reasonably short period of time. *See* RESTATEMENT (FIRST) OF PROPERTY § 53 comment b (1936).

■ Leeco contends that *McCarthy* is distinguishable since the court there stated that at the time of the taking, no evidence existed that the restrictive covenant would ever be broken. *McCarthy,* 464 S.W.2d 384. In the case at bar, Leeco apparently argues that Nueces County intended to soon break the deed restrictions. We disagree. There is simply no evidence that the County intended to violate the deed restrictions so long as Leeco retained the possibility of reverter. The County continues to use the property for the purposes set out in the deed subject to its conditions and there is no evidence or claim that the conditions have been breached.

Leeco argues that we should apply the rule in *Ink v. City of Canton,* 4 Ohio St.2d 51, 212 N.E.2d 574 (1965), a case dividing condemnation funds between the present interest holder and the remainderman. We find the facts of *Ink* distinguishable, and in any event, will apply the law of Texas, as embodied in the *McCarthy* and *Sabine* cases. While we sympathize with Leeco's position, the rule which treats remote possibilities of reverter as uncompensable when condemned is logically sound and reflects the vast weight of authority and scholarly opinion. *See* 2 J. Sackman & P. Rohan, *Nichols' The Law of Eminent Domain* § 5.05 (1985).

■ Leeco also raises sufficiency of the evidence arguments. We find sufficient evidence to support the condemnation award of nominal damages. There was direct expert testimony that the possibility of reverter had no market value, because the likelihood of a sale and purchase of such an interest was extremely remote and speculative. We overrule Leeco's second and seventh through eleventh points of error.

■ Leeco's fourteenth through seventeenth points of error raise both United States and Texas Constitutional issues. Leeco asserts that the County, by taking the possibility of reverter with only nominal compensation, has taken property without just compensation. We disagree. The weight of authority, discussed above, establishes that a possibility of reverter, where the occurrence of a breach of a

conditional grant of land is speculative and remote, is valueless. In addition, there was testimony to support such a conclusion. We accordingly overrule Leeco's fourteenth through seventeenth points of error.

The judgment of the trial court is in all respects affirmed.