THE FIRST REFORMED DUTCH CHURCH OF GILBOA, NEW YORK, Respondent, *v.* ALONZO P. CROSWELL and Others, Appellants.

Third Department, September 12, 1924.

Deeds — construction — property deeded to church " so long as " church was " kept and used "— words " so long as " are words of limitation — condemnation — property was being used at time of appropriation as church in compliance with grant — amount allowed in condemnation proceedings should be paid grantee — no share goes to heirs of grantor.

The words in a deed of property to a church that the property should belong to the church " so long as " a church or meeting house, devoted to religious purposes of the grantee, was " kept and used " upon the premises, are words of limitation and not of condition and the estate will cease at the time when the premises are not devoted to the purposes specified in the grant.

But where the church property is appropriated in condemnation proceedings at a time when the grantee is complying with the limitation stated in the grant, the entire money allowed for the property so appropriated must be paid to the grantee for at that time the heirs of the grantor had no rights in the property except a mere possibility which was without value and, therefore, they should not share in the money allowed in the condemnation proceedings.

APPEAL by the defendants, Alonzo P. Croswell and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schoharie on the 9th day of November, 1922, upon the decision of the court, rendered after a trial at the Ulster Trial Term without a jury, in an action brought to test title to a certain fund of money awarded in condemnation proceedings for property taken.

*Arthur A. Brown,* for the appellants.

*John P. Grant* and *A. T. Clearwater* [*A. T. Clearwater* of counsel], for the respondent.

H. T. KELLOGG, J.:

The estate of the plaintiff was limited to endure " so long as " a church or meeting house, devoted to the religious purposes of the plaintiff, was " kept and used " upon the premises. The words of the grant were words, not of condition, but of limitation. " Words of *limitation* mark the period which is to determine the estate; but words of *condition* render the estate liable to be defeated in the intermediate time." (4 Kent Com. [14th ed.] *126.) " Among the instances of collateral limitations are, to a man and his heirs, tenants of the manor of Dale; or to a woman dur-

ing widowhood; or to C till the return of B from Rome; or until B shall have paid him twenty pounds. (4 Kent, 129; 1 Shep. Touch., 125; 2 Crabb's Law of Real Prop., § 2135; 2 Bl. Com., 155; Fearne, 12, 13, and notes.) In respect to such limitations, the rule is, that ' the estate will determine as soon as the event arises, and it never can be revived.' (4 Kent, 129, and cases cited; Lewis on Perpet., 657; Crabb's Real Prop., § 2135.)'' (*Leonard* v. *Burr*, 18 N. Y. 96.) " The material distinction between a condition and a limitation consists in this, that a condition does not defeat the estate, although it be broken, until entry by the grantor or his heirs." (4 Kent Com. [14th ed.] *126. See, also, Gray Perp. §§ 12, 13, and Fowler Real Prop. [3d ed.] 161, 163.) As the period of time, during which a church use should be made of the premises in question, constituted the period during which the estate of the plaintiff therein should endure, it follows that upon a cessation of the church use the plaintiff's estate would have terminated whether the plaintiff had procured the disuser or otherwise. Moreover, since the plaintiff's estate was not subject to a condition subsequent of forfeiture or abridgement, no conveyance by the grantor's heirs to third persons would have had the effect, as by the release of a condition, to extend the estate. In these respects the arguments of the plaintiff fail. It does not follow, however, that the plaintiff must fail in the action. The premises in question did in fact cease to be used for the maintenance of a church thereupon. The disuser, however, was a consequence, not a cause, of a loss of title by the plaintiff. The city of New York, in condemnation proceedings, seized the estate of the plaintiff. It also seized the rights of reverter belonging to the heirs at law of the grantors. The seizure was of the entire title, wherever resident, by a single act of appropriation. There was, therefore, no interval of time between the seizure of the plaintiff's estate and the seizure of the rights of the heirs at law during which there could have been a reverter of title to the heirs because of a church disuser of the premises necessarily consequent upon the seizure. At the moment of appropriation there had been no disuser. At that moment the estate then being enjoyed by the plaintiff might have continued forever. At that moment the rights of the heirs were mere possibilities. These rights possessed no value capable of estimate. All that was valuable was the estate of the plaintiff. Therefore, the money paid in by the city of New York should be paid to the plaintiff as for the only thing of value taken.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.