UNITED STATES v. 16 ACRES OF LAND
IN VILLAGE OF HYANNIS, BARN-
STABLE COUNTY, MASS., et al.
No. 6427 Misc. Civil.

District Court, D. Massachusetts.

Nov. 17, 1942.

Edmund J. Brandon, U. S. Atty., and Philip P. A. O'Connell, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Charles C. Paine, Town Counsel, of Hyannis, for Town of Barnstable.

Paul M. Swift, of Hyannis, Mass., for Florence J., and Alfred S. Johnston.

FORD, District Judge.

This is a motion by the Town of Barnstable, a defendant in condemnation proceedings instituted by the United States, for the distribution of the estimated compensation deposited by the United States with the declaration of taking in the Registry of this Court and for any future award of damages with respect to the land taken.

The facts are as follows:

Frank P. Hallett, a resident of the Town of Barnstable, died and his will was duly probated by decree of the Probate Court for the County of Barnstable on August 10, 1937. The will contained the following clause:

"Seventeenth: To the Inhabitants of the Town of Barnstable, I give and bequeath any unsold portion of the Loring-Goodspeed Lot, so called, of sixteen and one-half acres, more or less, situated on the easterly side of the Barnstable Road in Hyannis for park purposes, and provided the gift is legally accepted by the Inhabitants of the Town of Barnstable within one year after my death. Should the same or any part thereof be used at any time by said Inhabitants for other than park purposes after my death, the same shall revert to Florence J. Johnston and Alfred S. Johnston."

On March 8, 1938, the Town of Barnstable, at a meeting duly called, voted to accept the devise. From the acceptance up to and until the condemnation and taking of the said land by the United States on October 15, 1941, the land was used for park purposes.

The Town of Barnstable asserts that it is entitled to the entire compensation to be awarded for the taking. Florence J. Johnston and Alfred S. Johnston, also defendants in the condemnation proceedings above-mentioned and devisees under the will of Frank P. Hallett, claim part or all of the compensation to be so awarded. The Johnstons base their claim upon the contention that the taking by the government of the land in question for the establishment of recreational facilities for the armed forces necessarily violated clause seventeen of the testator's will and, consequently, should revert to them as devisees under the will. There was no dispute that the Johnstons, claiming breach of condition, made an entry upon the land in question after the taking by the government.

Thus, there is presented for decision the question whether the Johnstons, by virtue of the will, have any rights in the fund which is to be distributed.

Hallett's will gave to the Town of Barnstable an estate in fee simple subject to a condition subsequent, a fee simple defeasible. Dyer v. Siano, 298 Mass. 537, 540, 11 N.E.2d 451; Proprietors of the Church in Brattle Square v. Grant, 3 Gray, Mass., 142, 63 Am.Dec. 725.

With respect to the distribution of the award when property is taken by eminent domain, the American Law Institute states:

"If, viewed from the time of the commencement of an eminent domain proceeding, and not taking into account any changes in the use of the land sought to be condemned which may result as a consequence of such proceeding, the event upon which a possessory estate in fee simple defeasible is to end is an event the occurrence of which, within a reasonably short period of time, is not probable, then the damages for a taking thereof by an eminent domain proceeding are ascertained as though the estate were a possessory estate in fee simple absolute and the entire amount thereof is awarded to the owner of the estate in fee simple defeasible. Under these circumstances the future interest has no ascertainable value. It is immaterial whether the event upon which the possessory estate in fee simple defeasible is to end is related to the use of the land in question (see Illustration 2) or is unrelated thereto (see Illustration 3)." Restatement, Property, Sec. 53, Comment b.

There is no evidence in the instant case to indicate that the happening of the event which would allow the Johnstons to exercise their right of entry was imminent at the time of the commencement of the eminent domain proceedings. Viewed from the time of the commencement of the condemnation proceedings, and not taking into account any changes which might occur by reason of such proceeding (Restatement, Property, Sec. 53, Comment b), the fee simple defeasible held by the Town might continue forever. At that time, one could not say when the Johnstons would be able to exercise their right of entry; their interest is too remote and vague to estimate its monetary value. United States v. 1119.15

Acres of Land et al., D.C., 44 F.Supp. 449; see United States v. 2,184.81 Acres of Land et al., D.C., 45 F.Supp. 681, 684 (where the happening of the event was imminent) and cf. Restatement, Property, Sec. 53, Comment c; Chandler et al. v. Jamaica Pond Aqueduct Corp., 125 Mass. 544, 547; First Reformed Dutch Church v. Croswell, 210 App.Div. 294, 206 N.Y.S. 132; Lyford v. Laconia, 75 N.H. 220, 226, 72 A. 1085, 22 L.R.A.,N.S., 1062, 139 Am.St.Rep. 680.

The entire award for the taking must go to the Town of Barnstable.