**PEOPLE OF PUERTO RICO v. UNITED STATES et al.**

No. 3782.

Circuit Court of Appeals, First Circuit.

Dec. 18, 1942.

William Cattron Rigby, of Washington, D. C. (George A. Malcolm, Atty. Gen., of Puerto Rico, and Warner W. Gardner, Solicitor for the Department of the Interior, of Washington, D. C., of counsel), for appellant.

Dwight D. Doty, Atty., Dept. of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Dept. of Justice, both of Washington, D. C., and Walter L. Newsom, Jr., of San Juan, Puerto Rico, on the brief), for United States, appellee.

Rafael Castro Fernandez, Daniel Pellon, Jr., and Mariano Acosta Velarde, all of San Juan, Puerto Rico, for Casino de Puerto Rico, appellee.

Before MAGRUDER, MAHONEY and WOODBURY, JJ.

WOODBURY, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for Puerto Rico in proceedings brought by the United States of America for the condemnation of a parcel of land situated in San Juan, known as the Casino de Puerto Rico property.

Jurisdiction over this appeal is conferred upon this court by § 128 of the Judicial Code, 28 U.S.C.A. § 225.

On December 4, 1941, the United States Government filed a petition in the court below for condemnation of the land in question, with the buildings thereon, for the purpose of adequately providing "for recreational facilities to maintain the morale of the armed forces of the United States and of persons employed in national defense industries." At the time the declaration of taking was filed the acquiring authority estimated that $125,000 was just compensation for the property and deposited that sum in the registry of the district court "for the use of the persons entitled thereto". The defendant, Casino de Puerto Rico, a local corporation, subsequently stipulated with the United States Government that the above sum represents "the true and fair market value" of the property and agreed to accept that amount "as full and just compensation and in full satisfaction of any and all claims of whatever nature against the United States of America by reason of the taking of the premises herein condemned". In the judgment appealed from the court below awarded the above sum of money to the defendant, Casino de Puerto Rico and decreed that the other defendant, the People of Puerto Rico

"have no compensable property interest in the premises" condemned. Thereupon the latter took this appeal.

The People of Puerto Rico claim that they, not the Casino de Puerto Rico, are entitled to be paid the full value of the property condemned and also that the property is worth more than $125,000. They base their claim to payment upon the following facts.

The land condemned was originally part of a larger tract which formed part of the public domain of the Spanish Crown. As such it was ceded to the United States by the Treaty of Paris. Subsequently the United States conveyed the land to the People of Puerto Rico and the latter in turn conveyed it to the corporation Casino de Puerto Rico. From 1913 to 1936 the Casino held a fee simple title to the entire tract, but in the latter year, to liquidate a mortgage which it had given to a local bank and to liquidate a debt of the local bank to the People of Puerto Rico, the bank being in financial difficulties, the Casino sold and conveyed part of its land to the People of Puerto Rico. The part thus sold is not involved in the present proceedings, but Joint Resolution No. 27, approved April 20, 1936, (Laws of Puerto Rico, (1936) pp. 1194–1198) by which the sale of this part was authorized, provided: "That as a condition of this transaction, the remainder of the lot which was ceded to the Casino de Puerto Rico shall be used only for non-profit purposes; as a social center and recreation park annexed thereto; Provided, further, That in case the Casino de Puerto Rico is dissolved, or its activities cease in any way, or the said lot is used for other purposes different from those specified in the preceding proviso, such act or acts shall determine the gratuitous reversion of said lot, as well as of all improvements and works constructed thereon, to the People of Puerto Rico."

As stated in the appellant's brief "It is the position of The People of Puerto Rico that the declaration of taking of this land by the federal government and the judgment of condemnation entered December 4, 1941, eo instanti operated as a breach of the condition upon which the Casino had been holding the land under the Provisos in the Joint Resolution of 1936, and thus worked an instant reverter to The People of Puerto Rico; and hence that the deposited money which, at the same instant and by the same act (Declaration of taking and judgment of condemnation), was substituted for the land, thereby likewise became the sole property of The People".

The statute under which this proceeding was brought (40 U.S.C.A. § 258a) provides that "the right to just compensation" for lands condemned and taken for the use of the United States "shall vest in the persons entitled thereto". It seems to us obvious that the persons entitled to compensation are those who, at the time of condemnation, have an interest in the land taken which the taking damages or destroys. Clearly the Casino was such a person. There is no evidence that it had been dissolved or that its activities had in any way ceased, nor is there any evidence that it had used the property for anything but nonprofit purposes. Neither is there any evidence that it was about to be dissolved or cease its activities or about to make any use of the premises not authorized by the Joint Resolution quoted above. In short, it has never done anything, and there is no evidence that it ever proposed to do anything, in breach of any of the conditions upon which it held the property. Thus up to the time when this condemnation proceeding was brought it had the right to occupy the premises indefinitely within the limits imposed, and this right was cut abruptly off by condemnation.

The fact that the Casino had only the right to use the property for nonprofit purposes does not affect the existence of its interest but only the value thereof, and the question of the value of the Casino's interest is not before us. That value, as already pointed out, was agreed upon in a stipulation entered into between the Casino and the United States.

The sole question before us is whether or not the People of Puerto Rico, at the time of the taking, also had a compensable interest in the property, which interest the taking damaged or destroyed. Undoubtedly the People of Puerto Rico had an interest in the land in question at the time of its condemnation. Whether that interest was a right of re-entry for condition broken, or a conditional reversion, or a possibility of reverter, or something else, we need not inquire, because, whatever its technical name, the only right which the People had up to the time when the land was condemned was the right to the land in fee simple if at some indefinite time in the future the Casino should violate any one of the conditions or provisos upon

which its right of present occupancy was made to depend. And this right of the People of Puerto Rico was destroyed by the condemnation. But, the question remains: What was the value of that right?

■ We are aware of no rational means by which to determine the value of the possibility that at some indefinite time in the future the land might revert to the People of Puerto Rico. All that can be done is to venture a guess, and it is elementary law that damages cannot be assessed by mere guesswork. In Lyford v. Laconia, 75 N.H. 220, 226, 72 A. 1085, 1089, 22 L.R.A.,N.S., 1062, 139 Am.St.Rep. 680, the court said in speaking of a similar interest that "There was no method by which the value of the interest could be assessed which would rise above the dignity of a guess", and in Chandler v. Jamaica P. A. Corporation, 125 Mass. 544, 547, it was said that the "possibility of interest is too remote and contingent to be the subject of an estimate of damages by a jury." See, also, First Reformed Dutch Church v. Croswell, 210 App.Div. 294, 206 N.Y.S. 132; Joint School District No. 1, Town of Greenfield v. Bosch, 219 Wis. 181, 262 N.W. 618; United States v. 1119.15 Acres of Land, D.C., 44 F.Supp. 449; United States v. 2,086 Acres of Land, D.C., 46 F.Supp. 411; and also 1 Am.Law Inst. Restatement of Property § 53, comment (b) and illustrations thereunder.

The cases cited above are all in accord and are all squarely in point. We believe their reasoning to be sound. If Lancaster School District v. Lancaster, 295 Pa. 112, 144 A. 901, (see 29 Columbia Law Review 674), relied upon by the appellant, holds to the contrary we decline to follow it.

The judgment of the District Court is affirmed.

MAGRUDER, Circuit Judge.

It seems clear to me that appellant is not entitled to the whole of the compensation paid, as contended. I agree, also, that on the authorities cited, appellant had no compensable interest, if all it had, just before the taking, was a future interest in the nature of a possibility of reverter upon the condition described. My doubt is whether the People of Puerto Rico did not have something more than this. The Casino was required to hold the parcel to the use and enjoyment of the public "as a social center and recreation park." Did this not give the People, as a body politic, some kind of a present interest in the property? I would not know how such an interest should be valued; certainly it must be something less than the value of an unencumbered fee. While expressing this doubt, I do not dissent.