Hillsborough,
No. 4955.

UNITED BAPTIST CONVENTION OF NEW HAMPSHIRE

*v.*

EAST WEARE BAPTIST CHURCH.

Submitted September 7, 1961.

Decided December 27, 1961.

*Elwin L. Page* for the plaintiff.

*Louis P. Faustini* for the defendant.

*Ernest R. D'Amours,* Director of Charitable Trusts, furnished no brief.

KENISON, C. J. The principal question raised in this agreed case is whether the proceeds of the condemnation award for the defendant's church property taken by the United States Government are subject to a continuing trust in favor of the plaintiff.

It is the defendant's contention that the plaintiff has no standing in court because the proceeds of the condemnation were awarded solely to the defendant and the plaintiff has no interest therein. *Lyford* v. *Laconia,* 75 N. H. 220; *United States* v. *16 Acres of Land,* 47 F. Supp. 603; Restatement, Property, s. 53, *comment* b, which reads in part as follows: "If, viewed from the time of the commencement of an eminent domain proceeding, and not taking into account any changes in the use of the land sought to be condemned which may result as a consequence of such proceeding, the event upon which a possessory estate in fee simple defeasible is to end is an event the occurrence of which, within a reasonably short period of time, is not probable, then the damages for a taking thereof by an eminent domain proceeding are ascertained as though the estate were a possessory estate in fee simple absolute and the entire amount thereof is awarded to the owner of the estate in fee simple defeasible. Under these circumstances the future interest has no ascertainable value." Illustration 1 under this comment is pertinent to the case before us: "A, owning Blackacre in fee simple absolute, transfers Blackacre 'to B Church Corporation so

long as the premises are used for church purposes.' While B is continuing to use Blackacre for church purposes, and at a time when there is no desirability in B changing the site of its church, the City C, in which Blackacre is located, initiates eminent domain proceedings to acquire Blackacre as a part of a public park. B's estate in Blackacre has the same value, in these eminent domain proceedings, as an estate in fee simple absolute in Blackacre."

In recent years there has become an awareness that future interests in property have not received the protection that they should in eminent domain proceedings. See the trenchant analysis in Stoyles, Condemnation of Future Interests, 43 Iowa L. Rev. 241 (1958). See Note, 46 Cornell L. Q. 631 (1961). However, in the present case we do not explore the matter since the authorities quoted above represent the majority rule which the plaintiff had not sought to question in this proceeding. 2 Nichols, Eminent Domain, s. 5.221 (3d ed. 1950).

The plaintiff has not sought to claim any part of the condemnation damages (Lyford v. Laconia, supra) but contends nevertheless that the proceeds from the condemnation of the church property in the form of the condemnation award is substitute trust property in which the plaintiff has an interest if the defendant should cease to exist or operate as a Baptist church continuously for one year. "Where property held in trust for charitable purposes is condemned, the proceeds constitute a substitute trust res." 1 Nossaman, Trust Administration and Taxation, s. 3.05 (2d ed. 1960). Banner Baptist Church v. Watson, 193 Tenn. 290; 2A Bogert, Trusts and Trustees, s. 418, pp. 306-307 (1953). This rule has been followed in this state in State v. Federal Square Corporation, 89 N. H. 538, 545, citing Bogert, supra, where it was held that the taking of charitable property by eminent domain is an involuntary act which does not result in the failure of the charity and that the "proceeds received from the eminent domain proceedings constitute a substitute trust res." See also, New Haven County v. Trinity Church, 82 Conn. 378, 382; 20 Minn. L. Rev. 315.

We cannot overlook the fact that the defendant's church property was by voluntary agreement in 1906 impressed with a trust for the benefit of the plaintiff. Subsequently in 1959, pursuant to stipulations of the parties, the Superior Court in Hillsborough county specifically decreed that the deed to the Church was subject to a "reversion to the New Hampshire Baptist Convention, now known

as the United Baptist Convention of New Hampshire at any time the said Baptist Church shall fail to maintain public worship according to the usage and polity of the Baptist denomination for one year continuously." Thus by agreement and by decree the defendant's property was to be devoted to Baptist purposes at any time the defendant Church ceased to operate for one year continuously. The substitution of the condemnation award for the church property in no way affects the plaintiff's future interest therein. 4 Scott, Trusts (2d *ed.* 1956) *s.* 401.4, *pp.* 2871-2872.

While the defendant is entitled to all the proceeds of the condemnation award and may use it for Baptist purposes in any way that it sees fit, this money and the property in which it is invested is still subject proportionately to a continuing trust for the plaintiff. *Pittsfield Academy* v. *Attorney General,* 95 N. H. 51. If and when, and only if and when, the defendant ceases to maintain public worship according to the usage and polity of the Baptist denomination for one year continuously does the plaintiff's future interest become fully operative. Restatement (Second), Trusts, *s.* 401, *comment* f.

Only two subsidiary matters need be discussed. The defendant's church property and the plaintiff's future interest therein were both subject to the rights of pewholders. These rights necessarily expired when the meetinghouse ceased to exist at the time of the condemnation proceedings. *Colby* v. *Society,* 63 N. H. 63; *Society* v. *Society,* 61 N. H. 384. So far as can be ascertained no one has claimed any pew rights in this proceeding or in the 1959 proceeding but their rights would be lost in any event as a result of the condemnation. *Huntington* v. *Ramsden,* 77 N. H. 376, 379; *Society* v. *Bass,* 68 N. H. 333, 337. The right to occupy sheds on the meetinghouse land has already been extinguished by their abandonment prior to the condemnation.

*Remanded.*

All concurred.