Josephine Milby **HAMMAN**, Appellant,

v.

**CITY OF HOUSTON** et al., Appellees.

No. 16384.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 26, 1962.

Rehearing Denied Nov. 30, 1962.

Bracewell, Reynolds & Patterson, William H. White and J. S. Bracewell, Houston, for appellant.

R. H. Burks, City Attorney, and Homer T. Bouldin, Senior Asst. City Attorney, Houston, for appellees.

BOYD, Justice.

Josephine Milby Hamman filed this suit against the City of Houston, the County of Harris, and the State of Texas, in trespass to try title to a tract of 74.2 acres which had been conveyed to the City by Mrs. Hamman, joined by her husband, now deceased, for public park purposes, and to a tract of 10.9 acres which had been deeded to the city by the Hammans for street purposes in order to make the park area more readily accessible. In the alternative, Mrs. Hamman alleged that the construction of a highway by the State across the 74.2 acre tract, taking about 8 acres of land and segregating another 8 acres on the north from the 74.2 acre tract, for which condemnation proceedings have already been instituted by the State and County, will render the area useless as a park, and she sought a declaratory judgment that the City, County, and State are without right and authority to condemn any part of said park area for highway purposes, and determining the party entitled to receive the compensation for damages occasioned by any such taking, and for title to the 8 acres lying north of the right of way of the proposed highway. Mrs. Hamman alleged that the construction of the highway across the park area will render and the construction and maintenance of a sewage disposal plant adjacent to the park had rendered the area useless for public park purposes, and that the land reverted to her under the terms and conditions of the conveyance. The City pleaded not guilty and a general denial.

Upon jury findings that the construction of the highway had rendered the north 8 acres unusable as a park, and that the manner in which the City was operating the

sewage disposal plant had rendered the said 8 acres unusable as a park, the court awarded title to the 8 acres to Mrs. Hamman, denied her prayer for recovery of any other lands, and decreed that the $35,000.00 which had already been deposited in the County Court at Law in pursuance of findings by Special Commissioners, and all other damages that might be finally awarded in the condemnation case would be left to be apportioned by the County Court at Law, where it is now pending. Mrs. Hamman and the City have appealed.

After the formal parts, the deed to the 74.2 acres reads in part as follows:

" * * * have bargained, sold, donated and conveyed, and by these presents, do bargain, sell, donate and convey unto the said City of Houston, a municipal corporation of Harris County, Texas, the following described tract of land, to-wit: (Description)

" * * * And we * * * also hereby give and donate to the City of Houston, the sum of Seven Thousand Five Hundred ($7,500.00) Dollars to be used in improving the property above described, as a park, the same to be expended at the discretion of and under the direction of the Park Board of the City of Houston.

"TO HAVE AND TO HOLD the same unto the City of Houston, a municipal corporation domiciled in Harris County, Texas, and its successors, subject to the express conditions hereinafter stated, forever. The above described property is donated and given to the City of Houston, upon and subject to the following express conditions, to-wit:

"I. The said property shall be used exclusively for park purposes as a public city park and shall be maintained at all times as such.

"II. The said property shall be established as a park and maintained and permanently named Milby Park.

"III. No improvements of any character whatsoever, except those definitely appropriate to the maintenance of said property as a park, shall ever be erected upon said premises.

"IV. The City of Houston by the acceptance of said property as a park agrees to keep the same at all times in good order and under proper police supervision.

"The gift of said property as above set out is made to the City upon the express conditions hereinabove set forth, and in case of abandonment of said property for such park purposes or in case of non-use thereof, or in case of the failure to properly maintain same as a park, the said premises shall revert to the grantor herein, her heirs or assigns."

■ It is the position of Mrs. Hamman that the grant conveyed merely an easement and not a fee title. We are inclined to disagree. In Texas Co. v. Daugherty, 107 Tex. 226, 176 S.W. 717, L.R.A.1917F, 989 it was said: "A fee may pass by deed upon a condition subsequent to the same extent as though the condition did not exist, subject to the contingency of being defeated according to the condition. And here, if any property was conveyed, there was a present grant but liable to be defeated by the grantee's failure to perform the requirement * * *. The grant amounted to a defeasible title in fee * * *." See, also, Stanbery v. Wallace, Tex.Com.App., 45 S.W.2d 198, and authorities there cited.

■ Mrs. Hamman contends that as a matter of law it was error not to hold that the property reverted by reason of a substantial part being condemned for highway purposes; or, that such was a question of fact and it was error to refuse an issue to that effect; and further that it was error not to hold that although the condemnation was by the State, the City consented to it and thereby brought about a reverter.

While the City passed an ordinance generally giving its permission for the State

and County to condemn lands within the City for highway purposes, it, by a later ordinance, opposed the taking of any part of Milby Park.

We are of the opinion that the taking of the 8 acres by the State did not cause any reverter under the terms of the grant. In Banner Baptist Church v. Watson, 193 Tenn. 290, 246 S.W.2d 17, it was held that the condemnation of property included in a charitable trust did not entitle the heirs of the grantor to recover. In State v. Federal Square Corporation, 89 N.H. 538, 3 A.2d 109, where a tract of land had been conveyed to a city for a library on condition that if any portion of the property were used for other purposes the land should revert, it was held that no reverter resulted from the city's loss of the land to the state by condemnation for a state house annex. See, also, First Reformed Dutch Church v. Croswell et al., 210 App.Div. 294, 206 N.Y.S. 132. This rule has been applied to easements when there was no special value attaching to the under surface, such as minerals. People by Department of Public Works v. Schultz Co., 123 Cal.App.2d 925, 268 P.2d 117.

We have seen no Texas authority on the point, but it is held in other jurisdictions that where the grantee does not violate the terms of the trust so as to bring about a reverter, but the trust property is appropriated for other uses under the power of eminent domain, the award of damages resulting from the condemnation is decreed to the grantee to be used for the purposes of the trust. Such seems to be the holding in the following cases: State by State Highway Commissioner v. Cooper, 24 N.J. 261, 131 A.2d 756; First Reformed Dutch Church v. Croswell et al., 210 App.Div. 294, 206 N.Y.S. 132; United States v. 1119.15 Acres of Land, D.C., 44 F.Supp. 449; and Romero v. Department of Public Works, 17 Cal.2d 189, 109 P.2d 662.

In First Reformed Dutch Church of Gilboa v. Croswell et al., 210 App.Div. 294, 206 N.Y.S. 132, land was granted to the church "so long as" a church or meeting-house, devoted to the religious purposes of that particular church, should be "kept and used" upon the premises. The land was taken by the city of New York and the property was no longer used for the purposes for which it was granted. Suit was by the Church against the heirs of the grantor for the condemnation award. Said the court: "The premises in question did in fact cease to be used for the maintenance of a church thereupon. The disuser, however, was a consequence, not a cause, of a loss of title by the plaintiff. The city of New York, in condemnation proceedings, seized the estate of the plaintiff. It also seized the rights of reverter belonging to the heirs at law of the grantors. The seizure was of the entire title, wherever resident, by a single act of appropriation. There was, therefore, no interval of time between the seizure of the plaintiff's estate and the seizure of the rights of the heirs at law during which there could have been a reverter of title to the heirs because of a church disuser of the premises necessarily consequent upon the seizure. At the moment of appropriation there had been no disuser. At that moment the estate then being enjoyed by the plaintiff might have continued forever. At that moment the rights of the heirs were mere possibilities. These rights possessed no value capable of estimate. All that was valuable was the estate of the plaintiff. Therefore the money paid in by the city of New York should be paid to the plaintiff as for the only thing of value taken."

■ We do not believe there is any evidence of probative force to support the finding that the north 8 acre tract has been rendered unusable for public park purposes by reason of the construction of the highway. It is not a controlled access highway. There is evidence that the park area on both sides of the new highway will be more accessible to the public by reason of its construction.

We think it is unnecessary to consider whether the operation of the sewage disposal plant on land adjacent to the park has rendered the north 8 acres unusable. It is being used for park purposes. We think the unsatisfactory operation of a nearby disposal plant is not one of the conditions set out in the grant as would work a reverter.

The park area is being used, and there is no evidence that the City or the public has abandoned Milby Park, or that its use as a public park has ceased. The City has expended approximately $12,000.00 per year for labor in maintaining the park buildings and grounds, and has expended more than $22,000.00 in planting trees, installing playground equipment, and in carrying out other park improvements.

Since the evidence fails to show that the City has abandoned any part of the area as a park, or has violated any of the conditions of the grant, but has only bowed to the intervention of a paramount authority, we do not think the record supports a judgment for Mrs. Hamman. We have carefully considered all of her assignments of error, and all are overruled.

That part of the judgment which awards to Mrs. Hamman the north 8 acres of the park area, and that part which decrees that the award of the Special Commissioners and any other damages recovered in the condemnation case be apportioned by the County Court at Law are reversed, and judgment here rendered that Mrs. Hamman be denied any recovery, and that the City of Houston is entitled to the award of the Commissioners and all other damages which may be finally recovered in the condemnation case, to be used by the City in the improvement and maintenance of Milby Park in conformity with the provisions of the conveyance. In all other respects the judgment is affirmed. All costs in the trial court and in this court are adjudged against Mrs. Hamman.

Affirmed in part, and in part reversed and rendered.