William R. Geiler, J.
Plaintiff, a New York religious corporation, brings this action pursuant to section 1955 of the Real Property Actions and Proceedings Law to extinguish certain restriction's contained in two deeds which transferred approximately one-half acre of land to the plaintiff church in the Incorporated Village of Lake Grove, Suffolk County.
The matter herein has been submitted to the court for decision on an agreed statement of facts.
The plaintiff church was formed in 1815 and a sanctuary was erected in 1817 on Middle Country Road in the Incorporated Village of Lake Grove. On March 5, 1845 the church was incorporated as “ The Trustees of the First Congregational Church in New Village ”.
The plaintiff, from the time of its incorporation, operated as a Congregational Church and maintained a membership in the Suffolk Society of Congregational Christian Churches and Ministers. In 1949, the plaintiff, due to a dispute, resigned from the Suffolk Society of Congregational Christian Churches and Ministers. Since 1949 the church has operated as an independent congregation and its membership includes persons of various Protestant denominations.
The real property, which is the subject matter of this litigation, consists of approximately one-half acre located on the westerly side of Hawkins Avenue, approximately 237 feet south of the intersection of Hawkins Avenue and Middle Country Road in Lake Grove, New York. The plaintiff obtained this property by means of two separate conveyances. The first conveyance was made in 1884 and the second conveyance was made in 1886. Each deed contained the provision that the *719 property was “to be used for the benefit of the New Village Orthodox Congregational Church while that church shall continue to exist, but, should the aforesaid church become extinct the aforesaid property shall be appropriated to the use of The American Home Missionary Society.”
A parsonage has been maintained on the property since 1886. In 1963 the plaintiff erected a new church building at Elliott Avenue and Wildwood Boad in Lake Grove. The plaintiff, due to the change of the location of the church itself and a change in the neighborhood of the parsonage, wishes to construct a new parsonage at the new church site. It therefore seeks to sell the subject property, and has entered into a contract to do so for the sum of $22,000 subject to its obtaining a removal of the conditional limitations contained in the two deeds dated 1884 and 1886.
What is the meaning of the restriction contained in the deeds dated 1884 and 1886?
The language is clear and unambiguous. The property conveyed was to be used for the benefit of the plaintiff church during its existence. The ownership of the property would revert to the defendant only if the plaintiff church became extinct.
No one can seriously contend that the plaintiff church has become extinct. The fact that the church has physically moved from its old location or thrown its doors open to people of various Protestant persuasions is not synonymous with extinction. The mere bringing of this proceeding is evidence enough that the plaintiff church is not extinct, but is pulsating strongly.
The chance of extinction occurring is less probable today than when the restriction was inserted into the deeds approximately 85 years ago. The congregation was small and in its infancy in 1884 and there was a good possibility of extinction. Today the plaintiff church is admittedly vibrant, flourishing and expanding.
Thus, the condition subsequent to reversion has never occurred nor does there seem any likelihood of the same happening.
What was the intention of the grantors ?
It is clear that they wanted their gifts to be used for the benefit of the plaintiff church. The property, because of the changed conditions of the area, cannot in and of itself be used for the benefit of the church. The wishes of the grantors can only be fulfilled if the property is sold and the proceeds of the sale *720 are applied to the erection of a parsonage on the new church site. However, this cannot be accomplished while the limitations contained in the deeds continue to exist.
What is the attitude toward limitations put into a deed such as is the situation herein?
In Trustees of Calvary Presbyterian Church v. Putnam (221 App. Div 502), in discussing a restriction on land which has been conveyed upon condition that it be used for religious purposes only, the court said at pages 505-506:
“ With this condition subsequent incumbering the title — the respondent-grantee holding a determinable fee only — title absolute may be held in the air for hundreds of years, perhaps forever. The marketability of the title is seriously impaired. The law is opposed to conditional or limited ownership and favors absolute enforcement. ‘ The rigorous exactment of them [conditions in grants] is a species of summum jus, and in many cases hardly reconcilable with conscience.’ (Woodworth v. Payne [74 N. Y. 16].)
‘‘ All reasons for requiring that this possibility of reverter should be kept longer in existence, or that the property should continue longer to be used for the purpose specified sixty-five years ago by the ancestor-grantor, are less important than that the absolute title should be somewhere.”
Is there any statutory authority to remove such $ restriction and thus carry out the intention of the grantors ?
The Legislature of the State realized that there might be certain situations in which relief from a limitation contained in a deed to a religious organization might be warranted and thus enacted section 1955 of the Real Property Actions and Proceedings Law.
Section 1955 of the Real Property Actions and Proceedings Law provides in part 1 ‘ Where land is held * * * for * * * religious purposes and the use of such land is restricted * * * in the conveyance * * * under which the land is so held * * * by an agreement to * * * surrender the land * * * so held upon a contingency relating to its use, and action may be brought in the supreme court to obtain relief from such restriction as provided in this section.”
The court finds that the purpose of the grantors’ gift was that the land, or whatever monetary value it represents, be used for the benefit of the church and the existence of the restriction is substantially impeding this purpose. Therefore, the court, pursuant to section 1955 of the Real Property Actions and Proceedings Law hereby orders said restriction removed.
*721 Are the defendants entitled to any compensation? The situation herein is analogous to that found in the case of First Reformed Dutch Church v. Crosswell (210 App. Div. 294, app. dsmd. 239 N. Y. 625). The church brought an action to determine whether it or those having the right of the possibility of a reverter were entitled to moneys derived from condemnation proceedings involving certain premises which had been deeded to the church “ so long as ” a church or meeting house devoted to religious purposes was “ kept and used ” on the premises. In finding in favor of the church, the court stated at page 295: “ At the moment of appropriation there had been no disuser. At that moment the estate then being enjoyed by the plaintiff might have continued forever. At that moment the rights of the heirs were mere possibilities. These rights possessed no value capable of estimate. All that was valuable was the estate of the plaintiff.”
The defendants herein also have only a remote possibility of having the ownership revert to them.
The defendants are not entitled to any monetary compensation under the circumstances herein.
However, they should feel compensated in the fact that the plaintiff will be using the grantors’ gifts for the same purpose which they would have used the gifts; namely, the furtherance of the Christian religion and in the service of their Maker.