746 F.2d 1363
 UNITED STATES of America, Plaintiff,
v.
726.23 ACRES OF LAND, MORE OR LESS, SITUATE IN MARION,
NEWTON AND SEARCY COUNTIES, STATE OF ARKANSAS, and
Elsie M. Blair, et al., and Unknown
Owners, Defendants.
Doris Ruth Clagett PARKHILL, Appellant,
v.
Weldon Kenway CLAGETT, Appellee.
 No. 84-1774.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1984.
Decided Oct. 26, 1984.
 
 Debra K. Brown, Little Rock, Ark., for appellant.
 Phillip Carroll, Little Rock, Ark., for appellee.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 Doris Ruth Clagett Parkhill appeals from the denial of her claim to the proceeds from the condemnation of certain land in Arkansas. The sole issue on appeal is whether Parkhill has a right to a portion of these funds by reason of a provision in the will of her mother, Mary Clagett. On the issue presented to us, we hold that she does not, and affirm.
 
 The will contained the following devise:
 
 2
 To my beloved son, Weldon Kenway Clagett, I give the 220 acre River Farm Place in Newton County, Arkansas, together withall [sic] improvements thereon, in fee simple, with the understanding that he shall not sell or otherwise dispose of the property during his lifetime, and that upon his death it shall pass to his surviving child or children equally. In the event that the property or any portion thereof is sold or otherwise disposed of by the said Weldon Kenway Clagett, the proceeds of any such sale shall be divided equally among my other surviving children. (Emphasis added).
 
 
 3
 In 1979, the United States condemned a portion of the property. Pursuant to a stipulation, just compensation was fixed at $192,000. Parkhill, who is Weldon Clagett's sister, argued that the condemnation effected a sale or disposal as contemplated by the will and claimed a one-fifth share. Mary Clagett's other children, and Weldon Clagett's children, surrendered their interests in the land to Weldon by quitclaim deeds.
 
 
 4
 The district court interpreted the will as giving Parkhill a possibility of reverter in the subject land. Parkhill does not contest this characterization. To the extent that Parkhill's rights can be construed as a possibility of a reverter or other future interest, the established rule is that the compensation for condemnation must be paid to the owner of the defeasible fee without apportionment to the holder of the reversionary interest, unless the event on which the defeasible fee is to terminate is imminent or likely to occur within a reasonably short period of time, independent of the eminent domain proceeding. Woodville v. United States, 152 F.2d 735, 737-38 (10th Cir.) cert. denied, 328 U.S. 842, 66 S.Ct. 1021, 90 L.Ed. 1617 (1946); United States v. 635.76 Acres of Land, 319 F.Supp. 763, 767-68 (W.D.Ark.1970), aff'd, 447 F.2d 1405 (8th Cir.1971); United States v. 16 Acres of Land, 47 F.Supp. 603, 604 (D.Mass.1942); United States v. 1119.15 Acres of Land, 44 F.Supp. 449, 449-50 (E.D.Ill.1942); Land Clearance for Redevelopment Authority v. City of St. Joseph, 560 S.W.2d 285, 287-88 (Mo.App.1977); Restatement of Property Sec. 53 (1944). See Midwestern Developments, Inc. v. City of Tulsa, 374 F.2d 683, 688 (10th Cir.1967); see also 29A C.J.S. Eminent Domain Sec. 199, at 888-90 (1944).
 
 
 5
 Applying this rule, the district court considered whether termination of Weldon Clagett's estate was imminent at the time of condemnation. It stated:
 
 
 6
 The pivotal question is whether the occurrence of the terminating event--the sale "or otherwise dispose of the property["] by Weldon Kenway Clagett--was probable or imminent as viewed from the time of the commencement of this eminent domain proceeding by the Government. Stated differently, was a sale of Tract 50-106 by Weldon Kenway Clagett sufficiently "imminent" or probable, at the time this action was instituted, to make Doris Ruth Clagett Parkhill's possibility of reverter a valuable property right for which she is entitled to compensation.
 
 
 7
 The prevailing view seems to be that the holder of a possibility of reverter does not possess an interest that is compensable when land is taken by condemnation proceedings for public use unless the event upon which the property is to revert is imminent at the time of the taking [citations omitted].
 
 
 8
 Upon carefully reviewing the record in this proceeding, the Court finds that there is no evidence that the terminating event was imminent. On the contrary, the evidence plainly demonstrates that at the time these proceedings were instituted, the reasonable expectation of all concerned was that the possessary estate of Weldon Kenway Clagett would remain in him.
 
 
 9
 Weldon Kenway Clagett opposed the condemnation proceedings. He was divested of the lands pursuant to a Court order. Petitioner resided on the lands in question practically all of his lifetime.
 
 
 10
 The Court concludes and holds that the entire condemnation award belongs entirely to Weldon Kenway Clagett.
 
 
 11
 Insofar as Parkhill's claim is based on a future interest in the land, the district court's ruling contained no error of law. Accordingly, we affirm its determination.
 
 
 12
 We make the following further observation regarding Parkhill's rights in the subject property. Under Mary Clagett's will, no circumstances could exist by which the testatrix's other children would acquire the land in question. At most, they were entitled to receive payment from the proceeds of a sale. Thus, it appears that the will gave Weldon Clagett a fee simple subject only to a restraint on alienability. See Restatement of Property Sec. 413(2)(b) (1944). Illustration 3 to comment a of section 413 presents the following hypothetical case:
 
 
 13
 A, owning Blackacre in fee simple absolute, makes an otherwise effective conveyance thereof "to B and his heirs, and B covenants for himself, his heirs, executors and assigns that if he ever sells Blackacre, and C is then still alive, he will pay 25% of the sale price to C." C is in being at the time of the conveyance. The promissory restraint is invalid.
 
 
 14
 Although the Parkhill interest may represent a promissory claim rather than a possibility of reverter, we have no reason to discuss this issue because the parties have not presented it on appeal. Appellant has demonstrated no error in the ruling of the trial court; therefore, we affirm.