736 S.W.2d 629 (1987)
LEECO GAS & OIL COMPANY
v.
COUNTY OF NUECES.
No. C-5950.
Supreme Court of Texas.
July 8, 1987.
Rehearing Denied October 7, 1987.
*630 Francis I. Gandy, Jr. and John Pichinson, Corpus Christi, for petitioner.
Carlos Valdez, Co. Atty., & assistants Carol McCollister, Paula A. Wyatt, and James Rosenkild (Co. Atty.'s Office), Corpus Christi, for respondent.

OPINION
GONZALEZ, Justice.
This is a condemnation suit. The issue is whether Nueces County, as grantee in a deed, may condemn a possibility of reverter on land given to the County and pay mere nominal damages to the owner of the reversionary interest. The trial court answered this issue in the affirmative and the court of appeals affirmed the judgment of the trial court. 716 S.W.2d 615. We reverse and remand.
In 1960, Leeco gift deeded fifty acres of land on Padre Island to Nueces County for use as a park. Leeco retained a reversionary interest in the deed whereby the County would keep the property "so long as a public park is constructed and actively maintained" by the County on the property. The County dedicated and maintained a park on the property. However, in 1983, the County began condemnation proceedings against Leeco's interest. The commissioners awarded Leeco $10,000 for its reversionary interest. Leeco appealed to the county court at law where the trial judge granted a partial summary judgment against Leeco resolving all issues except damages. In a separate trial to determine compensation for Leeco, experts testified that the land was worth between $3,000,000 and $5,000,000. The trial court awarded Leeco $10 in nominal damages.
Leeco brings several points of error claiming that the County is estopped from condemning the property by its acceptance of a deed with knowledge of the reversionary interest. Leeco also challenges the measure of damages. We first address the estoppel argument.
The Texas Constitution provides that "[n]o person's property shall be taken... for ... public use without adequate compensation being made, unless by the consent of such person. . . ." Tex. Const. art. I, § 17. Acquiring an interest in land to establish and maintain public parks involves a governmental function. See generally Schooler v. State, 175 S.W.2d 664, 669 (Tex.Civ.App.El Paso 1943, writ ref'd w.o.m.) (acquisition of park land is a public use). When a governmental unit is exercising governmental powers it is not subject to estoppel. City of Hutchins v. Prasifka, 450 S.W.2d 829, 835 (Tex.1970). Therefore, we hold the County was not estopped from condemning the reversionary interest. We next consider whether the award of nominal damages by the trial court was proper.
Generally, under the Restatement of Property, a mere possibility of reverter *631 has no ascertainable value when the event upon which the possessory estate in fee simple defeasible is to end is not probable within a reasonably short period of time. See generally Restatement of Property § 53 comment b (1936). In affirming the $10 award of nominal damages, the court of appeals relied on City of Houston v. McCarthy, 464 S.W.2d 381 (Tex.Civ.App. Houston [1st Dist.] 1971, writ ref'd n.r.e.). In McCarthy, the court found that when at the time of condemnation the property was being used as permitted under the deed and there was no evidence that the restrictive covenant would ever be broken, the value of the possibility of reverter was so speculative as to be nominal only. McCarthy, 464 S.W.2d at 384. The court of appeals pointed out that the McCarthy court cited Sabine River Auth. v. Willis, 369 S.W.2d 348 (Tex.1963) and Hamman v. City of Houston, 362 S.W.2d 402 (Tex.Civ.App. Fort Worth 1962, writ ref'd n.r.e.) as authority to support its holding. The court of appeals then held that there was no evidence in this case that the County intended to violate the deed restrictions so long as Leeco retained the possibility of reverter and no evidence that the conditions were breached. This evidence is not determinative of the issue.
Here, one county official testified that there were "various ideas and proposals and schemes" about putting income producing activities on the land. The same official further stated that "it would be in the County's best interest" to own the park outright so that it "may in the future consider plans that are inconsistent with the present deed restrictions." Furthermore, in the County's Original Statement in Condemnation, the County pleaded that its plans for future development of the Park included "uses which could be construed to cause Plaintiff's determinable fee estate, to terminate and cease." The County further alleged that the "present use and operation of the Park" placed an "undue burden upon Plaintiff in its future development of the Park." Thus, this is not a case of condemning a "remote" possibility of reverter, but rather an attempt by the County to remove the "burden" of the reversionary interest by condemning the interest and paying nominal damages.
Also, in the McCarthy, Sabine and Hamman decisions, a governmental entity, which did not previously own the future interest or the possessory defeasible estate, was condemning the entire fee to the property. Although in McCarthy and Hamman the owner of the possessory defeasible estate was also a governmental entity, a different and "paramount" governmental entity was the condemnor. Hamman, 362 S.W.2d at 406. In each case, the condemning governmental entity paid actual damages for the taking. The issue was who would receive the damagesthe owner of the possessory estate or the future interest. There were no prior indications that the restrictive covenants would ever be broken by the owners of the possessory defeasible estate. Therefore, the value of the possibility of reverter was so speculative as to be nominal only and damages were rightfully awarded to the owner of the possessory estate. In this case the County, as owner of the defeasible estate, indicated that it "may in the future" break the restrictions and condemned the possibility of reverter for nominal damages only.
There is a constitutional requirement that if the County is to condemn land, it must adequately compensate the landowner for the property interest taken. McCarthy, 464 S.W.2d at 387. Ten dollars in compensation for a multi-million dollar piece of property is not adequate as a matter of law. To allow a governmental entity, as grantee in a gift deed, to condemn the grantor's reversionary interest by paying only nominal damages would have a negative impact on gifts of real property to charities and governmental entities. It would discourage these types of gifts in the future. This is not in the best interests of the citizens of this State.
We hold that when a governmental entity is the grantee in a gift deed in which the grantor retains a reversionary interest, if that same governmental entity condemns the reversionary interest, it must pay as compensation the amount by which the value *632 of the unrestricted fee exceeds the value of the restricted fee. See, e.g., Ink v. City of Canton, 4 Ohio St.2d 51, 212 N.E.2d 574, 579 (1965).
We reverse the judgment of the court of appeals and remand this cause to the trial court to determine the amount by which the value of the unrestricted fee exceeds the value of the restricted fee.
CAMPBELL, J., concurs in an opinion joined by ROBERTSON and KILGARLIN, JJ.
CAMPBELL, Justice, concurring.
I concur in the result in this proceeding because there is some precedent for the court's holding. In future cases, however, I would hold that if a political subdivision has accepted a gift by deed that grants a fee simple determinable interest, initiation of condemnation proceedings by the grantee on the reversionary interest is a renunciation of the gift. Condemnation is an act inconsistent with the granted, authorized use and will cause the granted estate to terminate and revert to the grantor in fee simple absolute.
ROBERTSON and KILGARLIN, JJ., join in this concurring opinion.