TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00266-CV







Georgetown Waterpark, Limited and Gregory Hall, Appellants


v.


City of Georgetown; Mary Ellen Kersch, in her capacity as Mayor of Georgetown;

Ferd Tonn, Lorenzo Valdez, Clark Lyda, Susan Hoyt, Lee Bain, 

Charlie Barton and Charles Burson, each in their capacity as 

City Council Members of Georgetown, Appellees







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT, 

NO. 00-209-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING 




 Georgetown Waterpark, Limited ("GWL") and Gregory Hall appeal the summary
judgment granted in favor of the City of Georgetown, Mayor Mary Ellen Kersch, and city council
members Ferd Tonn, Lorenzo Valdez, Clark Lyda, Susan Hoyt, Lee Bain, Charlie Barton, and
Charles Burson. Appellants contend that they were damaged by the City's failure to comply with
an agreement under which appellants planned to build a park for water-based recreation. Appellants
challenge the judgment against their promissory estoppel claim. We will affirm the judgment.


BACKGROUND


 The following background information is drawn largely from allegations in
appellants' pleadings, but also from evidence in the clerk's record supporting those pleadings. GWL
is a company created to develop a recreational waterpark along the interstate highway in
Georgetown. Hall is a real estate developer who is a limited partner in GWL.

 The City wanted a waterpark to complement other developments along the interstate
highway, including a computer fabrication plant and an exposition center. Facilitating access to the
waterpark required infrastructure improvements such as street and drainage upgrades. The roads
involved were part of the City's master plan before the formation of GWL. The City and GWL
applied to the Texas Department of Economic Development ("TDED") for a grant to defray the costs
of the infrastructure improvements. The City and GWL agreed that if the grant was approved, the
State would contract with the City and the City with GWL to complete the infrastructure
improvements. Although the application was approved, the parties agreed that the funds would not
be expended until the development was fully approved and funded. The contract with TDED states
that the City "agrees to expend the funds for infrastructure improvements in the form of road
construction to support Georgetown Waterpark, Ltd." It also states that the grant "allows for the
creation of jobs primarily for low-to-moderate income persons . . . ." 

 Appellants worked with the City in preparing to build the waterpark, seeking and
obtaining financing, and conducting studies. Appellants allege they incurred substantial expenses.

 Economic conditions and the composition of City government changed. Thereafter,
the City imposed new conditions on the development--conditions that appellants consider unfair and
designed to destroy the project. The City declared that GWL did not meet the conditions and
requested that the State not provide the grant funds.

 GWL sued the City and the City's mayor and council members in their official
capacities for breach of contract and promissory estoppel; Hall intervened on GWL's side. The
defendants moved for summary judgment on several grounds, including that the City had sovereign
immunity from the promissory estoppel claim and that the individuals sued in their official capacities
had legislative immunity. The court granted the motion without specifying a basis.


DISCUSSION


 GWL and Hall appeal, contending that the court erred by granting the motion for
summary judgment because the City failed to conclusively establish the affirmative defense of
sovereign immunity. (1) A summary judgment is appropriate when there are no material fact issues and
the movant is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Nixon v. Mr.
Prop. Mgmt Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Whether a city is immune from suit for damages depends on the nature of both the
city's action and the suit. Cities retain immunity for governmental functions unless the Legislature
has expressly, by clear and unambiguous language, waived that immunity. City of LaPorte v.
Barfield, 898 S.W.2d 288, 291 (Tex. 1995). Governmental functions are acts that are public in
nature and performed by a city as the agent of the State in furtherance of the general law for the
interest of the public at large. See Gates v. City of Dallas, 704 S.W.2d 737, 738 (Tex. 1986). Cities
performing proprietary functions have no immunity for their actions; proprietary functions are those
performed by a city, in its discretion, primarily for the benefit of those within its city limits. Id. at
738-39. Waivers of sovereign immunity are construed strictly. See Travis County v. Pelzel &
Assocs., Inc., 77 S.W.3d 246, 248-49 (Tex. 2002); Texas Natural Resource Conservation Comm'n
v. IT-Davy, 74 S.W.3d 849, 854-55 (Tex. 2002); General Servs. Comm'n v. Little-Tex Insulation
Co., 39 S.W.3d 591, 597 (Tex. 2001). Immunity from suit for claims brought under the Tort Claims
Act is waived only for claims of property damage, personal injury and death. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021 (West 1997); McKinney v. City of Gainesville, 814 S.W.2d 862, 865
(Tex. App.--Fort Worth 1991, no writ).

 The central issue in this appeal is whether the City properly established that it was
performing a governmental, not proprietary, function. Resolution of this issue in the City's favor
would be decisive because a governmental unit exercising governmental powers is not subject to
estoppel. Leeco Gas & Oil Co. v. County of Nueces, 736 S.W.2d 629, 630 (Tex. 1987); Dillard v.
Austin ISD, 806 S.W.2d 589, 594 (Tex. App.--Austin 1991, writ denied).

 Both sides assert that the other failed to take the steps at trial necessary to present
their appellate argument to this court. Appellants complain that the City failed to plead that it was
acting in a governmental, not proprietary, capacity when it committed the acts from which appellants
urge estoppel arose. The City contends that appellants waived this issue by not raising it at trial.

 By moving for summary judgment asserting sovereign immunity, the City necessarily
asserted that it was acting in a governmental capacity. Actions by city governments are either
governmental or proprietary. City of Houston v. Southwest Concrete Constr., Inc., 835 S.W.2d 728,
730 (Tex. App.--Houston [14th Dist.] 1992, writ denied); see also generally Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215 (West Supp. 2003). "The doctrine of sovereign immunity does not apply to
proprietary functions. . . . By contrast, a municipality may not be sued for the performance of a
governmental function due to the doctrine of sovereign immunity, unless waived by constitutional
or statutory authority." City of San Antonio v. Rodriguez, 856 S.W.2d 552, 556 (Tex. App.--San
Antonio 1993, writ denied). The City asserted in its motion for summary judgment that 


 a governmental unit exercising governmental powers is not subject to estoppel. . . . 
Neither has the Legislature delivered a clear and unambiguous waiver of sovereign
immunity in the promissory estoppel context by approving the waiver-by-conduct
doctrine for promissory estoppel. Accordingly, the City is immune from both the
Waterpark and Hall's claims of promissory estoppel.



The City's motion for summary judgment based on sovereign immunity is an assertion that the City
acted in a governmental, not proprietary, role.

 Appellants' failure to contend at trial that the City's actions were proprietary did not
waive their ability to raise this issue on appeal. Nonmovants need not file a response to the motion
for summary judgment in order to contend on appeal that the grounds for summary judgment were
insufficient as a matter of law. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979). By contending on appeal that the City's actions were proprietary, appellants are
necessarily contending that the City failed to show that it was performing a governmental function,
an essential element of a city's claim for sovereign immunity.

 Appellants contend that the City's actions were proprietary because the City pledged
to obtain the TDED grant. They point to cases in which the City of Houston waived its immunity
by administering federally-created loan programs to facilitate rehabilitation of apartment complexes
to provide housing for low-income persons and building a market to create jobs for low-income
persons. See Southwest Concrete, 835 S.W.2d at 731-33; Josephine E. Abercrombie Interests, Inc.
v. City of Houston, 830 S.W.2d 305, 309 (Tex. App.--Corpus Christi 1992, writ denied).

 We conclude that the record shows no genuine issue of fact and that, as a matter of
law, the City was acting in a governmental capacity. The TDED grant contract with the City
specifies that the City will use the grant money to build roads and supporting infrastructure like
sewers and drains. Building roads is a governmental function. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.0215 (West Supp. 2003) (defining street design and construction as governmental
functions and waiving liability for torts resulting from city's performance thereof). Although this
case is not brought under the Tort Claims Act, we find instructive the Legislature's categorization
in the Act of municipal road-building as a governmental function. See id. Promissory estoppel is
not among the claims for which the Tort Claims Act waives immunity. See id.; see also id.
§ 101.021 (West 1997); McKinney, 814 S.W.2d at 865.

 The statement in the TDED contract that the grant allows job creation does not
dissuade us from our conclusion that the City acted in a governmental capacity. The substance of
the City's action in seeking the grant is the critical issue. See Southwest Concrete, 835 S.W.2d at
731-33; Abercrombie, 830 S.W.2d at 308-09; cf. Texas A & M University-Kingsville v. Lawson, 2001
WL 1892195, at *4 (Tex. June 20, 2002). The City's action in this case is distinct from the City of
Houston's administration of loan programs to stimulate job growth and low-income housing that was
deemed proprietary. (2) See Southwest Concrete, 835 S.W.2d at 731-33; Abercrombie, 830 S.W.2d at
309. Here, the City was not administering a loan program, but instead sought the grant from the
State to defray the costs of constructing roads on the master plan that predated the waterpark
negotiations. That the grant-seeking and road-building was prompted by the creation of a business
that would create jobs does not change the fact that the City was getting money to build roads--a
governmental function.

 Thus, because of the subject matter of the City's actions and the nature of appellants'
claims, the City is entitled to sovereign immunity from appellants' claims.


CONCLUSION


 Finding that the City was performing a governmental function for which immunity
from a promissory estoppel claim has not been waived, we affirm the summary judgment.



 

 David Puryear, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: December 19, 2002

Do Not Publish
1. Appellants' brief discusses only the City's motion for summary judgment. Because the
notice of appeal lists all the defendants as appellees, we note that the summary judgment favoring
the individual defendants stands unchallenged on the basis of legislative immunity. See Rogers v.
Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).
2. We note that the Legislature subsequently defined community development and urban
renewal, like road-building, as governmental functions for which immunity is waived. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.0215(a)(34) (West Supp. 2003).